## LEVI MADDOX v. JAMES HUMPHRIES.

Where the plaintiff filed a petition with the clerk, and endorsed it "The clerk will not issue upon this until further instructions by me," the suit was not properly commenced until the order was given for the citation; and such a deposit or filing with the clerk did not arrest the running of the statute of limitation. (Paschal's Dig., Art. 4604, Note 1017.)

ERROR from Guadaloupe. The case was tried before Hon. I. B. McFARLAND, one of the district judges.

This case, which was once before the Supreme Court, is reported in 24 Texas, 195. The original petition was filed in the district clerk's office of Guadaloupe county on the 12th day of January, 1859. There was endorsed upon the back of the petition, in pencil, the following: "The clerk will not issue upon this until further instructed by me. C. Reich, attorney." The citation was issued on the 14th day of February, A. D. 1859.

The defendant pleaded the statute of limitation, upon the ground that the action, being one for damages, should have been brought in two years from the accrual of the cause of action, and that more than two years had elapsed from that time and the issuance of the citation. Upon this plea there was judgment for the defendant, and plaintiff brings his writ of error. The agreement submits the following as the question to be decided by the Supreme Court: "Whether the filing of the petition with instructions not to issue upon it until further orders will be such a commencement of suit as will interpose a bar to the running of the statute of limitation from the date of the filing of said petition, or whether the date of issuance of citation upon said petition is the date which is to determine the question of limitation."

*John P. White*, for plaintiff in error.—1. Suit is commenced by petition filed in the office of the district clerk. (O. &. W. Dig., Arts. 406 to 408.)

2. The petition, and not the citation, is the leading process in the suit. (Sayles' Prac., § 248; Cummings v. Rice and Nichols, 9 Tex., 527; Dikes v. Munroe & Bro., 15 Tex., 236)

In justices' courts in this state, and in suits at common law, the summons or writ is the leading process. (Keeble v. Bailey, 3 Tex., 429; Angell on Limit., 334 to 338.)

3. Wade v. Converse, 18 Tex., 233, is conclusive of the points involved in this case.

*John Ireland*, for defendant in error.—A party cannot be entrapped and lulled into fancied security until he burns all evidence of his right by such secret proceedings. (Badger v. Finney, 15 Mass., 359; Seaver v. Lincoln, 21 Pick., 267; Walter v. Sykes, 22 Wend., 566; Angell on Limit., 334, 335.)

Like a general demurrer, the statute may be pleaded at any time. Hence the case of Wade v. Converse, cited by plaintiff in error, has no application to the case.

The statute began to run at the date of the service of the writ of injunction in the former suit; (see same case, 24 Tex., 195,) and from that time up to the issuance of the writ in this case was more than two years.

MORRILL, C. J.—The plaintiff instituted suit against defendant, founded upon personal services for work and labor, &c., performed previous to 17th January, 1857. It seems that the petition was handed to the clerk of the district court on 12th January, 1859, with the indorsement thereon, "The clerk will not issue upon this until further instructed by me, C. Reich, attorney;" and the clerk, in obedience thereto, issued process on 14th February, 1859. From the deposition of the clerk, taken by consent, it was proved that he issued process on the day he was instructed so to do by plaintiff, and that he did not issue on the day the petition was handed to him, or any subsequent day pre-

vious to the 14th February, 1859; because he was governed by the indorsement on the petition directing him not to issue.

The only question, therefore, as presented by the pleadings and judgment, is whether the suit was instituted on the day the petition was handed to the clerk or the day it was ordered to be issued on, as the statute of limitation would be successfully pleaded in one case.

It will be noted that the act of limitation provides that actions shall be commenced and sued within a certain limited time, which is equivalent to the declaration that the party shall do everything that the statute requires to have a writ issued. Simply leaving a petition with a person who may be a clerk, with directions to use it, not as a clerk of the court, but as an individual, cannot be considered as filing the same with the clerk officially. The statute is express and positive as to the duties of the clerk when a petition is filed: to issue a writ upon the same agreeably to the request contained in the petition; and the petition could not be considered as filed, and should not be so endorsed by the clerk, unless received for the purposes of suit. In the case at bar, the most that could be said of the transaction, previous to the time at which suit was ordered, is, that the petition was left with the clerk in his individual capacity as bailee, which the party would have the right to withdraw in the same manner as he would any other piece of property.

In those states where suits are instituted by a writ it has been decided, that "when a writ is made provisionally, and delivered to an officer with instructions that it is not to be used until after a certain time, or the happening of a certain event, the action cannot be considered as commenced until the arrival of the time or the happening of the event." (Seaver v. Lincoln, 21 Pick., 269.)

"A writ is not considered as legally sued out until it is delivered to the sheriff, with authority to him to serve it

on the defendant." (Angell on Limit., § 312.) We there-
fore consider that the suit was not instituted till the peti-
tion was filed with the clerk and he was expressly or im-
pliedly requested to issue a writ, and, this being more than
two years after the cause of action accrued, the statute of
limitation interposed a bar to the cause of action, and
that the judge did not err in so deciding.

JUDGMENT AFFIRMED.