EAST TEXAS FIRE INS. CO. v. JOSEPH TEMPLETON AND WIFE.

(No. 2946.)

APPEAL from Bowie County. Opinion by HURT, J.

WHITAKER & BONNER, counsel for appellant.

TODD & HUDGINS, counsel for appellees.

§ **424.** *Limitation; institution of suit does not stop the running of, unless, etc.; case stated.* Appellees instituted this suit against appellant upon a policy of fire insurance, and recovered judgment for the amount of the policy and for costs. The fire occurred February 9, 1885. The petition was filed February 6, 1886. Citation was issued April 11, 1887. There is a stipulation in the policy of insurance to the effect that an action thereon should be barred unless suit should be instituted within twelve months from the date of the policy. Appellant pleaded this stipulation in bar. *Held:* The action was brought within twelve months after the date of the fire, but the citation was not issued until more than two years after

the fire and more than one year after the petition was filed. The presumption must obtain that citation was withheld by order of the plaintiffs. The object of said stipulation in the policy is to enable the company to meet the case while the facts are fresh in the memory of the witnesses and are accessible to both parties. After the petition was filed no steps were taken by the plaintiffs to obtain service of citation for a period of fourteen months, during which time the cause was continued from term to term of the court. No excuse is shown for this want of diligence. These facts show gross negligence on the part of the plaintiffs in the prosecution of their suit, and the filing of the petition did not operate to stop the running of the limitation prescribed by the contract. Appellant's plea in bar should have been sustained. [Hoffman v. Cage, 31 Tex. 598; Maddox v. Humphries, 30 Tex. 494.]

December 12, 1888.        Reversed and remanded.

[Judge Willson dissents, his opinion being that the filing of the petition was the commencement of the action and stopped the running of limitation, and that the failure to issue citation in the suit, there being no express direction by the plaintiffs not to issue citation, did not operate to keep the limitation in motion. [R. S. art. 1181; Scoby v. Sweat, 28 Tex. 713; 1 App. C. C. § 609.] In many of the states, by statutory enactment, a suit is commenced by the issuance of a citation, and where this is the practice limitation is not interrupted until the issuance of citation. [Wood on Lim. §§ 289, 290.] But our statute makes the filing of the petition, and not the issuance of the citation, the commencement of the action.]