### DAVIDSON *v.* SOUTHERN PAC. Co.

*(Circuit Court, W. D. Texas, San Antonio Division. November 24, 1890.)*

1. LIMITATION OF ACTIONS—SUSPENSION OF STATUTE.
   In Texas the filing of a petition in court is a commencement of the action, so as to stop the running of the statute of limitations; and, as the laws of the state require the clerk upon the filing of the petition to issue citation, any delay in the issuance of process to affect the running of the statute must result from the instructions or request of plaintiff or his authorized attorney.

2. MASTER AND SERVANT—NEGLIGENCE OF MASTER.
   Employers are bound to provide machinery reasonably safe and suitable for the use of their employe's, and are liable for injuries caused by defects in such machinery which are or ought to be known to them, and which are unknown to the servant.

3. SAME—ASSUMPTION OF RISKS.
   A servant who remains in the service, knowing of a defect in the machinery used by him, without giving notice thereof, assumes the risk of injury therefrom.

4. SAME.
   A servant will be presumed to know of defects which are obvious and open to observation.

5. MEASURE OF DAMAGES FOR TORTS.
   In estimating damages for personal injuries, the jury may consider (1) such special expenses as were incurred by plaintiff by reason of the injuries; (2) the value of the time lost by him from his usual occupation by reason thereof; (3) fair compensation for mental and physical suffering; (4) the probable future effect of the injuries on his health; and (5) any diminution of his power to labor and pursue the course of life he might otherwise have done.

At Law.

*McLeary & Fleming,* for plaintiff.
*Upson & Bergstrom,* for defendant.

MAXEY, J., *(charging jury.)* The plaintiff, who was employed in the service of the defendant in the capacity of brakeman on a freight train on the 11th day of November, 1887, brings suit against the defendant to recover damages for personal injuries alleged to have been received by him while performing his proper duties at Seco siding, Medina county, on the date above mentioned. To give you a more complete and intelligent statement of the cause of action, I will read several extracts from the petition, as follows:

"And plaintiff would further represent that, while thus discharging his duties, as aforesaid, and after coupling the cars, as he was required to do, he attempted to mount upon one of the cars in the train, and in so doing, on account of the defective condition of the track, and especially of a ditch, drain, or depression which was then and there existing, having been constructed in a negligent and improper manner, so as to be dangerous to the employes of the said defendant, his foot was caught in the said ditch, drain, or depression, and he was thrown violently to the ground, falling upon the railroad track, whereby his right hand was mashed by the wheels of the moving cars, and rendered entirely and utterly useless."

Further, it is alleged that it was the duty of the defendant to furnish the plaintiff and its other employes a safe and well-constructed track whereon to operate its trains, and to maintain the same in good condition, so as to be safe in the running and operation of trains thereon; but it is claimed by the plaintiff that the defendant "failed to furnish a good, safe, and perfect track whereon to operate its trains, and caused the ditch or depression aforesaid to be so constructed that it was very dangerous to pass over it."

And, further, it is alleged—

"That the railroad track, at the Seco siding, and over and along the ditch, drain, or depression aforesaid, was so overgrown with grass as to be entirely hidden from view, and no person, without a very strict examination, could ascertain the existence of the ditch, drain, or depression, but to all appearances the track passed over ordinary ground at that point, and not over a dangerous and defective ditch, drain, or depression, as was really the case."

And plaintiff further alleges—

"That the proximate cause of the injury which he sustained at the time aforesaid was the defective track and the dangerous ditch, drain, or depression, overgrown with grass, which, by reason of the negligence of the defendant, was furnished to him, the said plaintiff, in violation of the obligation which the law places upon employers for the benefit of their employes."

In its answer the defendant interposes (1) a general denial; (2) a special denial, in which it is averred that the "defendant specially denies that the ditch, drain, or depression complained of by plaintiff was defective, or caused his injuries;" (3) a plea of contributory negligence, as follows:

"Defendant avers that the proximate cause of plaintiff's alleged injuries was his own carelessness and negligence in thoughtlessly and carelessly walking along and outside of said railroad track, and stumbling and falling upon

one of the rails of said track, by reason of not exercising proper care and caution, whereby, in the injuries alleged to have been received by plaintiff, he was guilty of contributory negligence, for which the defendant is in no manner liable;"

—and (4) a plea of the statute of limitations hereinafter set forth.

Your attention will be first directed to the defense of limitation set up by the defendant. Upon this point the following averment is embodied in the answer:

"Defendant says that plaintiff's alleged cause of action accrued November 11, 1887; that plaintiff abandoned, failed, and refused to prosecute his suit against this defendant in his alleged original cause of action until Oct. 14, 1889, more than one year, and nearly two years, after said cause of action accrued; wherefore the same is barred by the statute of limitations of one year, which is here pleaded in bar of plaintiff's right of recovery."

The plea of limitations assumes that the plaintiff abandoned, as against this defendant, his original cause of action, as set forth in a petition filed in the district court of the state on March 24, 1888. That petition made the defendant herein, the Southern Pacific Company, and the Galveston, Harrisburg & San Antonio Railway Company parties to the suit. The plaintiff received his injuries on the 11th day of November, 1887. On July 25, 1889, citation issued to the Galveston, Harrisburg & San Antonio Railway Company, and on the 12th day of December, 1889, the suit was dismissed as to that company. On October 14, 1889, a supplemental petition was filed by the plaintiff, in which the issuance and service of process are prayed as to the defendant the Southern Pacific Company. Citation was duly issued to the defendant on the 16th of October, 1889, and served upon its agent on the 25th of the same month. The plaintiff's cause of action accrued on the 11th day of November, 1887, the date of his injury, and the bar of the statute would be complete unless suit was commenced and prosecuted within one year thereafter. It is insisted by the defendant that, although the suit was instituted in time, to-wit, March 24, 1888, it was not prosecuted, but abandoned by the plaintiff until the 14th day of October, 1889, and therefore it is assumed that the statute of limitations applies, and plaintiff is barred of a recovery.

If I correctly comprehend the decisions of the supreme court of this state, the filing of a petition in the district court is a commencement of the suit, and stops the running of the statute of limitations. The laws of this state make it the duty of the clerk, upon filing the petition, to issue citation to the defendant; and the statute, being suspended by filing the petition, is not put in motion, unless the delay in the issuance of process by the clerk results from the request or instructions of the plaintiff, or his duly-authorized agent or attorney, not to issue. *Tribby* v. *Wokee*, 74 Tex. 143, 11 S. W. Rep. 1089; *Kinney* v. *Lee*, 10 Tex. 157; *Maddox* v. *Humphries*, 30 Tex. 496, 497. In this case no witness has testified that any one, either the plaintiff, his attorney, or other agent, or any other person, requested or instructed the clerk to withhold cita-

DAVIDSON *v.* SOUTHERN PAC. CO.      479

tion as to the defendant until the 25th day of July, 1889, when, according to the testimony of Mr. Dashiell, the clerk, a supplemental petition, praying for process against the Galveston, Harrisburg & San Antonio Railway Company, was handed him, with instructions not to issue process for the defendant. The clerk was unable to remember who delivered the paper to him, with the instructions mentioned, nor does the testimony in the case disclose the identity of that person; but in my view of the law it becomes immaterial to inquire whether the instructions to the clerk emanated from an authorized or unauthorized person. It may be assumed that the plaintiff or an agent with proper authority gave to the clerk the instructions indicated, and still the defendant would not be benefited. For, as I understand the law, the statute of limitations, upon filing the suit, was suspended until July 25, 1889; the testimony clearly failing to show any request or directions to the clerk not to issue process before that date, and, as citation was duly issued to the defendant within less than three months thereafter, the cause of action would not be within the bar of the statute. Therefore, gentlemen, you are instructed, that, upon this branch of the case, the law is with the plaintiff, and the suit is not barred by limitation, as claimed in the plea of the defendant. You will therefore pass over that defense, and turn your attention to the other important and material issues in the cause.

You observe that plaintiff charges negligence against the defendant,—negligence in respect to the construction and maintenance of the track and a certain ditch, drain, or depression thereunder, at Seco siding; and it is incumbent upon him to establish the negligence, as alleged, to your satisfaction, before he would be entitled to a recovery. The general principles of law by which the liability of an employer for injuries to an employe, growing out of defective machinery, track, road-bed, and other appliances, are said by the supreme court to be well settled. In the case of *Railroad Co.* v. *McDade,* the supreme court says, and you are so instructed:

"Neither individuals nor corporations are bound, as employers, to insure the absolute safety of the machinery or mechanical appliances which they provide for the use of their employes. Nor are they bound to supply the best and safest or newest of those appliances for the purpose of securing the safety of those who are thus employed. They are, however, bound to use all reasonable care and prudence for the safety of those in their service, by providing them with machinery reasonably safe and suitable for the use of the latter. If the employer or master fails in this duty of precaution and care, he is responsible for any injury which may happen through a defect of machinery which was or ought to have been known to him, and was unknown to the employe or servant. But if the employe knew of the defect in the machinery from which the injury happened, and yet remained in the service and continued to use the machinery without giving any notice thereof to the employer, he must be deemed to have assumed the risk of all danger reasonably to be apprehended from such use, and is entitled to no recovery. And, further, if the employe himself has been wanting in such reasonable care and prudence as would have prevented the happening of the accident, he is guilty of contributory negligence, and the employer is thereby absolved from responsibility for the injury, although it was occasioned by the defect of the machinery, through

the negligence of the employer." 135 U. S. 570, 10 Sup. Ct. Rep. 1044; *Tuttle* v. *Railway Co.*, 122 U. S. 195, 196, 7 Sup. Ct. Rep. 1166.

The servant or employe, on entering the service of the employer, does not undertake to assume the safety of machinery, or of a railway track, or a ditch or drain under the track, unless he knows of the defective and dangerous condition of the same, or unless the defects and danger are so obvious that he will be presumed to have knowledge of them. 135 U. S. 573, 10 Sup. Ct. Rep. 1044; *Railway Co.* v. *Bradford*, 66 Tex. 735, 2 S. W. Rep. 595. The plaintiff, therefore, did not, by virtue of his contract of employment, assume any risk incidental to the use of a defective track, or defectively constructed ditch or drain thereunder, of which defect he was ignorant, unless the imperfections and defects were obvious,—open to observation,—in which case he would be presumed to know them; and it was the duty of the defendant, in employing plaintiff as a brakeman, to see that its side track at Seco, and the ditch, drain, or depression thereunder, were constructed in a reasonably safe manner, and to maintain them in a reasonably safe condition. If the track and ditch or drain thereunder, although originally constructed in a safe manner, became unsafe and dangerous from any cause subsequently occurring, and the unsafe and dangerous condition of the same was unknown to plaintiff, and was not obvious and open to observation, then it did not devolve upon the plaintiff to examine and inspect the road, to ascertain any existing defects and imperfections, but he had the right to presume that the defendant had performed its duty in respect to maintaining the track and ditch or drain in a reasonably safe condition.

In what has been said in regard to the track and ditch or drain, and the defendant's duty touching their construction and maintenance, it was not my purpose to say or intimate to you that they were unsafe or defectively constructed, or that they were the cause of plaintiff's injuries; nor was it my purpose to give any expression of my own views as to how the accident to plaintiff occurred. For, in regard to those matters, they being questions of fact, you are the judges, and your conclusions thereon in reference to them must be based upon the testimony of witnesses, and not arise from mere conjecture and speculation. Bearing in mind the foregoing principles of law, you will carefully look into and examine the testimony with the view of reaching a determination as to the liability of defendant to respond in damages to the plaintiff. If you believe from the testimony that the track of the Seco siding and ditch or drain thereunder were so constructed and maintained as to be in a reasonably safe condition for the use of defendant's employes at the time plaintiff was injured, then he (the plaintiff) would not be entitled to recover, and your verdict in that event should be in favor of the defendant. Nor would the plaintiff be entitled to a recovery if you are satisfied from the testimony that, by his own want of reasonable care and prudence,—that is, such care and prudence as a person would ordinarily exercise under similar circumstances,—he brought his injuries upon himself; for in such case his own negligence was the cause of his injuries, and he has no legal cause of complaint against the defendant on account of the mis-

fortune which befell him. *Railroad Co.* v. *Herbert*, 116 U. S. 655, 6 Sup. Ct. Rep. 590. The law requires a man to take reasonable and ordinary care of himself, and, if his own negligence or want of ordinary care contributes to an injury which he may receive, he will not be heard to complain, but must bear the consequences of his own careless conduct.

You are further instructed that, if the track and ditch or drain were defective and unsafe, and the plaintiff knew of the defects and danger, or they were so obvious and open to observation that he should have discovered them, and he, notwithstanding, remained in the service of defendant without giving notice thereof to the defendant, then he is not entitled to recover, and your verdict should be for the defendant. And to authorize a verdict against the defendant for an unsafe track, etc., you must believe from the testimony that defendant knew, or should have known by the use of reasonable care and prudence, of its unsafe condition. If, however, you believe from the testimony that defendant's track at Seco siding and the ditch or drain thereunder were not in a reasonably safe condition for use by the employes whose duties required them to work about the same at the time plaintiff was hurt, and defendant knew, or might have known, by the exercise of reasonable care and prudence, of their defective and unsafe condition, and that the plaintiff, at the time he received his injuries, was exercising reasonable and ordinary care for his own safety, and that he had no knowledge of the defect and danger, either actually or presumptively, as hereinbefore charged; and if you further believe that his injuries resulted from the unsafe and defective condition of the track, ditch, or drain,—then he is entitled to recover, and you will return a verdict in his favor for such amount of actual damages as will compensate him for the injuries he has sustained.

In reference to the question of damages, you are instructed that the law furnishes no fixed or defined standard for the guidance of the jury in awarding compensation in cases of this kind for the injuries sustained by the injured party, and the amount of damages to be awarded must be left, in view of the testimony, to the sense of right and justice of the jury. The plaintiff, if your finding be in his favor, should be fairly and justly compensated for the injuries he has sustained. In making your estimate of such damages, you are authorized to consider (1) such special expenses as may be shown by the testimony to have been incurred by the plaintiff by reason of his injuries during the period of his disability, while confined; (2) the value of the time lost by him during the period in which he was disabled, from his injuries, to work and labor, taking into consideration the nature of his business, and the value of his services in conducting the same; (3) fair compensation for the mental and physical suffering caused by the injury; and (4) the probable effect of the injury in future upon his health, and the use of his injured hand, and his ability to labor and attend to his affairs, and, generally, any reduction of his power and capacity to labor and earn money, and pursue the course of life which he might otherwise have done. *Railway Co.* v. *Randall*, 50 Tex. 260, 261. You are the exclusive judges of the credi-

bility of the witnesses and of the weight to be attached to their testimony; and in civil suits, such as the present one, you may predicate your finding upon a preponderance of evidence.

It is now your duty, gentlemen of the jury, to render such a verdict as will be just and right, in view of the testimony, and the law as embodied in these instructions.