# HUYSMAN

*v.*

# THE EVENING STAR NEWSPAPER COMPANY.

PRACTICE; COMMENCEMENT OF SUIT; STATUTE OF LIMITATIONS.

1. When a declaration is filed with directions, either express or implied, by the plaintiff or his attorney, to the clerk to issue process thereon, and nothing remains to be done but that the clerk should proceed, and the plaintiff has otherwise complied with all requirements of law, such as the payment of necessary fees, and the like, the suit must be deemed to be then commenced so far as to arrest the running of the statute of limitations.

2. But the mere filing of a declaration, without any intention at the time to sue out process under it, and with directions to the clerk not to issue process at the time, or until further order, which is never given, is not such a commencement of the suit as to stop the running of the statute of limitations.

No. 765. Submitted April 12, 1898. Decided May 3, 1898.

HEARING on an appeal by the defendant from a judgment on a verdict directed by the court in an action for libel. *Affirmed.*

The COURT in its opinion stated the case as follows:

The appellant, Theodore Huysman, as plaintiff, on April 26, 1886, filed in the Supreme Court of the District of Columbia, his declaration at common law against the appellee, The Evening Star Newspaper Company, as defendant, a corporation in the District, for an alleged libel published by it in the Evening Star newspaper. There was no summons issued under the declaration, no service of any process upon the defendant, and, of course, no return of service. In fact, nothing whatever appears to have been done beyond the mere filing of the declaration, which itself was after-

wards taken out of the office of the clerk of the court by the attorney who filed it, as was then allowed to be done upon his giving his receipt therefor; and this attorney subsequently died without having returned the declaration to the clerk's office, and the declaration itself was never thereafter found.

The plaintiff, who had become an inmate of the Soldiers' Home, it is said, did not know of his attorney's death until several years after that event, and supposed that his case was proceeding in the regular course. He then employed new counsel, petitioned the court through such counsel for leave to file a substitutive declaration, which was granted,— all of which was done *ex parte*, apparently, without any notice to the defendant or any knowledge by it of the proceeding. And on July 11, 1895, upwards of nine years after the filing of the original delaration, the substitutive declaration was filed, which is conceded by the courtesy of the counsel for the defendant to state substantially the same cause of action as the original declaration.

Summons was duly issued and served under this substitutive declaration, and the defendant appeared and pleaded the general issue and the statute of limitations. At the trial the court instructed the jury to render a verdict for the defendant, on the ground that the action was barred by the statute of limitations, to which ruling the plaintiff duly excepted. From the judgment rendered upon the verdict. the plaintiff has appealed to this court.

*Mr. James Frances Smith* for the appellant:

1. In the absence of statutory provision, what act of the party commences the suit is a matter of judicial construction and decision, and the rules of the Supreme Court of the District of Columbia provide that the filing of the declaration shall constitute the commencement of the suit. Common Law Rule 6.

In the majority of the States in which there is no statute

governing this subject, an action is deemed commenced with respect to the statute of limitations when the writ is issued.   It is not the service but the issuance of the writ which commences the suit in these cases.   *Brewster* v. *Brewster,* 52 N. H. 52; *Hail* v. *Spencer,* 1 R. I. 17; *Chapman* v. *Goodrich,* 55 Vt. 355; *Ford* v. *Philips,* 1 Pick. 202; *Gardner* v. *Webber,* 17 Pick. 407.   In California and in some other States the filing of the complaint alone without the issuance of the summons thereon is the commencement of the suit within the terms and meaning of the limitations act. *Pimental* v. *San Francisco,* 21 Cal. 352; *Nash* v. *Eldorado Co.,* 24 Fed. R. 252.

In this jurisdiction the rule of court made under the sanction of law is an authoritative announcement on the subject just as much so as though enacted by the legislature or delivered from the bench in the form of a decision.   It provides that the plaintiff shall commence his suit by filing his declaration and, upon the payment of the deposit, the clerk is required immediately to enter the case upon the proper docket in the order of such filing and number it accordingly.   It thereupon becomes part of the records of the court.   See *Johnson* v. *Smith,* 2 Burr. 959.

2. Upon the filing of his declaration and giving the usual order to the clerk, the plaintiff has done everything incumbent on him to put in motion the machinery of the law.   It then became the duty of the clerk to issue the summons and his failure to do so is not chargeable to the plaintiff.   The entry "order, etc." on the clerk's docket shows that the usual order, the order for process to issue, was given to the clerk.   *Maddox* v. *Humphries,* 30 Tex. 494; *Gorsline* v. *Thompson,* 61 Mo. 471; *Bank* v. *Pyles,* 10 G. & J. 326; *Hall* v. *Spencer,* 1 R. I. 19; *Insurance Co.* v. *Eldred,* 130 U. S. 693.

*Messrs. R. Ross Perry & Son* for the appellee:

1. By the Maryland act of 1715, in force in the District

of Columbia, it is provided that "all actions . . . shall be commenced or sued" within certain limitations. The limit for actions on the case is three years. There is no real difference in meaning between the words "commenced" and "brought" or "sued." *Goldenburg* v. *Murphy*, 108 U. S. 162.

2. An extensive citation of authorities is deemed to be unnecessary on account of the very recent and full discussion of this point in the case of *United States* v. *Lumber Co.*, 80 Fed. R. 309, where it was held that an action was not deemed to be "brought" or "commenced" so as to stop the running of the statute of limitations until the suing out of appropriate process and a *bona fide* attempt to serve it. See, also, *Fitch* v. *Smith*, 10 Paige, 9; *Fowler* v. *Sharp*, 15 Johns. 323; *Thompson* v. *Bell*, 6 T. B. Mon. 559; *Hallum* v. *Dickinson*, 47 Ark. 120; *Wolfenden* v. *Barry*, 65 Iowa, 653; 1 Am. & Eng. Encyc. L. 184; 13 Id. 746; *Reed* v. *Brewer*, Peck (Tenn.) 276; *Gates* v. *Bushnell*, 9 Conn. 530; *Cox* v. *Cooper*, 3 Ala. 250; *R. R. Co.* v. *Jenkins*, 103 Ill. 588, 597; *Hail* v. *Spencer*, 1 R. I. 17; *In re Griffith*, 35 Kans. 377.

3. In this jurisdiction the court has gone much farther. It was lately decided by Justice Cole in the circuit court in the case of *Armes* v. *Cochnower*, Law No. 33,003, that even where a summons had been issued and returned *non est inventus*, yet to prevent the running of the statute of limitations the suit must be kept alive by writs regularly and uninterruptedly renewed from term to term until the defendant is taken. This view is abundantly supported by authority. *Durant* v. *Murdock*, 3 App. D. C. 126; *Logan* v. *State*, 39 Md. 190; Evans' Pr. 104; Cox Pr. 236; *Bennington* v. *Dinsmore*, 2 Gill. 348–354; *Hazelhurst* v. *Morris*, 28 Md. 75; *Thompson* v. *Beveridge*, 3 Mack. 172; *Galt* v. *Todd*, 5 App. D. C. 350; *Delaplaine* v. *Crowinshield*, 3 Mason, 329; *Johnson* v. *Meade*, 58 Mich. 67; *Howell* v. *Shepard*, 48 Mich. 472; *Koonce* v. *Pelletier*, 115 N. C. 233; *Etheridge* v. *Woodley*, 83 N. C. 11; *Penniman* v. *Daniel*, 91 N. C. 431; *Wolfenden* v. *Barry*, 65 Iowa, 653; *Mariner* v. *Waterloo*, 75 Wis. 438;

24 Am. & Eng. Encyc. L. 524 (note); *Bank* v. *Baker*, 3 McCord 281; *Peake* v. *Grayson*, 1 N. & McC. 171; *Barkins* v. *Wilson*, 6 Cow. 471; *Beekman* v. *Satterlee*, 5 Cow. 519; *Soulden* v. *Rensselaer*, 3 Wend. 473.

Mr. Justice MORRIS delivered the opinion of the Court:

The only question that is here submitted for our consideration is, whether, upon a cause of action which seems to have accrued, if it accrued at all, on April 22, 1886, the running of the statute of limitations is arrested by the mere filing of a declaration four days thereafter in the office of the clerk of the Supreme Court of the District, without the issue or service of any process whatever to bring the defendant before the court, and without any appearance by the defendant, and without any steps whatever of any kind taken in the cause for upwards of nine years, when a new declaration was filed, process issued thereon, and regular proceedings thereafter had. The question is a novel one in this District; but we have no hesitation in saying that we think that it was rightly and properly decided in the judgment that was rendered by the court below.

The statute of limitations of James I, which is the foundation of all our American statutes of the same character, prescribes that certain actions, therein comprising the most usual actions at common law, should be *"commenced and sued"* within six years after the cause of action should have accrued, and not afterwards. The Maryland statute of 1715, which is yet in force with us, is in substantially the same terms, but with a shorter period of time. It provides that all such actions shall be *"commenced or sued"* within three years after the cause of action has accrued, and not afterwards. It will be noticed that the disjunctive conjunction *"or"* is here used, while the English statute uses the word *"and."* The difference, however, seems to be immaterial. Under both statutes it has always been held, for their purposes, that the time of the suing out of the original writ,

which was always the beginning of an action under the common law, or of the simplified and modified writ, which took the place of the original writ in the practice of Maryland, should be regarded as the commencement of the suit, and not either the time of the service of the writ or that of its return, or the time of the service of the declaration, which, it will be remembered, at the common law was postponed until after the appearance of the defendant in court. The original writ, or its modified substitute in Maryland, was always the first step in the cause, the *præcipe* given by counsel to the clerk for the purpose of preparing it being regarded merely as an informal memorandum that never entered into the record of the cause; and the time of the suing out of that writ was the point of time by which the running of·the statute of limitations was determined. This is evidenced by the fact that, in pleading the statute of limitations, in the ordinary actions at common law, the form of the plea usually was that the plaintiff's cause of action had not accrued within six (6) (3) years "before the impetration of the original writ in this cause" (Evans' Harris' Entries, 167), although afterwards the form "before the commencement of this action" became more usual.

But under the common law, as already stated, the original writ was, in fact, the first step in a cause; and it was entirely proper to refer to the suing out of that writ for the determination of the question of the application of the statute of limitations to the cause. In modern practice, and especially in practice under codes of procedure, the effort has been to assimilate the proceedings at common law to those in equity; and now very generally throughout the States of our Union it is provided, either by statute or by rules of court made under the authority of statute law, that actions at common law shall be commenced by the filing of a declaration, complaint or other equivalent pleading, setting forth in full the plaintiff's cause of action, and serving as the foundation for all the subsequent proceedings. In

this District, by the act of Congress of March 3, 1863 (12 Stat. 763), which established the Supreme Court of the District, power was given expressly to that court to establish such rules of practice as it might deem necessary, and from time to time to revise and alter the same. Under this authority, so granted, a rule was formulated, which was in force at the time at which the plaintiff instituted the present suit, and which is yet in force, and in the following terms:

"Every civil action shall be commenced by filing in the clerk's office a libel of information, bill, petition or declaration, as the case may be, and in case of appeal from a justice of the peace, justice's papers and a transcript of his docket shall be filed on making the deposit required by law; or without such deposit, upon an order of the court or of one of the justices; whereupon the clerk shall immediately enter the case upon the proper docket, in the order of such filing, and number it accordingly."

There were also other rules promulgated providing that a notice to plead should be subscribed to every declaration, and providing also a form of summons to be issued and served upon the defendant with a copy of the declaration and of the notice to plead. And under these rules the first and only service of process upon the defendant to bring him into court was of a copy of this summons attached to a copy of the declaration and of the notice to plead. The requirement of formal appearance was abolished, and the exigency of the summons was that the defendant, within the time limited, should plead to the declaration. It may be added, also, that it was and is the practice to endorse on the declaration a formal order by the plaintiff's attorney to the clerk to file the declaration and to issue process thereon; and that thereupon the clerk, as of course, issues the summons and the copy of the declaration and notice to plead, and places the same in the hands of the marshal, who proceeds forthwith to serve them, upon being paid the fee allowed him by law for the purpose. There seems to be no

express rule that requires the clerk, upon receiving and filing a declaration, to issue a summons thereon; and it is unnecessary to consider here whether it would be proper for him to issue such summons without a formal order to that effect from the plaintiff's attorney endorsed on the declaration or appended to it. If there was such an order in the present case, it was evidently countermanded by the plaintiff's attorney; for he must have known the fact, when he took the original declaration from the files, and he must have acquiesced in it, that there had been no process issued or served.

Under these circumstances, can we regard the mere filing of a declaration without service of process thereunder, and, as we are compelled to infer, without any intention to have such process issued or served, as sufficient to stop the running of the statute of limitations? We think not. It may be that, when a plaintiff has filed his declaration, and has done all that was incumbent on him to do towards the issue and service of process, and there has been failure of such issue or service, not through any act, intervention or omission on his part, he should not lose the benefit of his diligence, and the statute of limitations should not be permitted to intervene. And it may also be that, when a declaration has been filed in due time, and there has been due issue and service of process thereafter, such issue and service of process should be regarded as having relation back to the time of the filing of the declaration as the time of the commencement of the suit, and to the declaration itself as the first act in the suit. But how can a paper be regarded as the commencement of a suit, when no suit is intended? A suit means a legal proceeding to enforce one's rights. It implies the existence of a plaintiff and defendant, and a demand by the one upon the other, that he shall render justice. How can a mere statement that one has a right to recover something from another, even though that statement should be filed with

12 Ct. App.—39

the clerk of a court and a memorandum of that fact made by him on his official records, be regarded as the commencement of a suit, when it is not intended to enforce any right, when it makes no demand upon any one, when it may remain forever unknown to the other person, and when afterwards it is actually taken away, and may be assumed even to have been destroyed? If the contention on behalf of the plaintiff in the present case were just, the result would be, that by the mere filing of a declaration, which is afterwards taken away, and perhaps destroyed, the defendant could be shut out forever from the benefit of the statute of limitations; for it had no notice, and it may be presumed to have had no knowledge of the filing of the paper; and if it had the knowledge, and had chosen voluntarily to take action, it is not apparent that it could have compelled the plaintiff to proceed. Certainly it could not have appeared and pleaded to a paper of which it knew nothing, and could know nothing, after it had been removed; and it was not in any manner incumbent on it to seek to compel the plaintiff to proceed with his case.

Reliance is placed by the plaintiff almost entirely upon the express words of the rule of the court that actions shall be *commenced* by the filing of a declaration. He argues from this that the filing of the declaration is to be regarded as the commencement of the action with reference to the statute of limitations. That statute, as we have remarked, provides that actions must be "*commenced or sued,*" or in the words of the statute of James I, "*commenced and sued,*" within three years after the accruing of the cause of action. These terms imply something more than the mere filing of a paper with the clerk. They imply the commencement of a suit; and when no suit is intended, the force of the statute can not be avoided by lodging a paper with the clerk and calling it a declaration, when it serves none of the purposes of a declaration at law and was not intended to serve any such purposes.

In the elucidation of the question no great light is afforded us by adjudicated cases in other jurisdictions; for these cases differ greatly; and all, or most of them, are based upon the construction to be given to the local statutes under which they originated. In some of these cases it has been held, that within the meaning of the statute of limitations, the commencement of the suit is the time of the service of the summons or writ upon the defendant; in others, that it is the time of the issue of the summons or writ by the clerk; in others still, that it is the time of the filing of the declaration, without reference to the writ. These adjudications, therefore, depending as they do upon local statutes, afford no criterion for our guidance. But, in the absence of specific legal provision upon the subject, the true rule, wherever the original writ of the common law or its modified substitute has been abolished, and the first step in a legal proceeding is the filing of a declaration, as with us, is that stated by the Court of Appeals of Maryland, in the case of *Bank of the United States* v. *Lyles*, 10 Gill & John. 326, wherein it was held that "the running of the act of limitations is arrested by the docketing of an action, with directions to the clerk to issue the necessary process, whether such process is issued or not." This is also the rule laid down by the Supreme Court of the State of Texas in the case of *Maddox* v. *Humphries*, 30 Tex. 494, wherein it was said: "We therefore consider that the suit was not instituted till the petition was filed with the clerk, and he was expressly or impliedly requested to issue the process." And the same rule would seem to have been recognized by the Supreme Court of the United States in the case of *Amy* v. *Watertown*, 130 U. S. 320, where Mr. Justice Bradley, speaking for that court, said: "The plaintiff must sue out of his process and take those steps which the law provides for commencing an action and keeping it alive."

The issue of process, it is true, is the act of the State through its duly appointed officers, as is likewise the service

of process; and strictly speaking, neither the one nor the other is within the control of the person instituting the suit. Hence, for the failure or neglect of such officers, the party is not to be held responsible, when he has himself done all that it was incumbent upon him to do. But it is equally true that the officers of the law in such cases act only upon the motion of the party desiring the service; and, in the absence of proof to the contrary, they are to be presumed to have performed their duty, and to have acted so far as they have been requested to act. And if the record shows no action by them, the presumption is that none has been requested.

The record in the present case gives indication that at the time of the filing of the declaration there was an order of some kind given to the clerk by the plaintiff, either by endorsement on the declaration or otherwise. The clerk's docket entry, which is the sole record that remains of the transaction at the time of the supposed institution of the suit, has this entry and nothing more: "1886, April 26. Deposit towards costs, $8.00, by Webb; orders, &c.; decl. filed." The significance of the words "order, &c.," we are not given to understand. But assuming, as would be most favorable to the plaintiff's present contention, that they imply that there was endorsed upon the original declaration when that document was presented to the clerk for filing, an order to file the same and to issue process thereon, yet it is quite evident that there was a contemporaneous oral order, antagonistic to such written order, and directing the clerk not to issue the usual writ, but to withhold it until further order. For the clerk did not issue the writ. And even if we should assume further that this failure to issue process was the result of the negligence of the clerk, in disregard of the explicit and positive order of the plaintiff's attorney, which, of course, can not be presumed in the absence of proof, yet the plaintiff, by his subsequent action, would necessarily be presumed to have acquiesced in it.

For, when the attorney took away the declaration from the clerk's office, he must then have known, if he did not know it from the beginning, that no process had been issued; and if there was neglect on the part of the clerk, it was then the duty of the attorney to call attention to it and to have the negligence remedied. He evidently did not do so; and on the contrary, he made it impossible thereafter for the clerk to issue any process, by taking away and retaining or destroying the declaration. But in the absence of proof, the only reasonable inference to be drawn from the record in this case, is that, for some reason satisfactory to himself, but of which we are not advised, the plaintiff's attorney, at the time of the filing of the declaration, gave direction to the clerk not to issue process thereon at that time, and that this direction was never thereafter revoked by him. This is precisely what was done in the case of *Maddox* v. *Humphries*, 30 Tex. 494, which we have cited, and wherein, in consequence of such direction, the Supreme Court of Texas held, as we have stated, that the suit should not be considered as instituted or commenced until there was not only a petition filed, but also a request, express or implied, to issue the proper process.

The conclusion, then, to be drawn from what we have said, and which seems to us to be dictated by sound reason and common sense, is that when a declaration is filed, with directions, either express or implied, given by the person on whose behalf it is filed, or by his attorney, to the clerk to issue the proper process thereon, and nothing then remains to be done but that the clerk should proceed, and the party has otherwise complied with the requirements of law, if other requirements there be, such as the payment of the necessary fees and the like, the suit must be deemed to be then commenced so far as to arrest the application of the statute of limitations. On the other hand, the converse of this proposition is, which we must likewise accept as a correct statement of the law, that the mere filing of a declar-

ation, without any intention at the time to sue out process under it, and with directions to the clerk, such as we are compelled to presume were given to him in this case by the attorney, not to issue process at the time, or until further order, which was never given, is not such a commencement of suit as to stop the running of the statute of limitations.

In contemplation of law, this suit can be said to have been commenced or instituted only when the so-called substitutive declaration was filed and process sued out thereunder; and as the cause of action had then long been barred by the statute of limitations, the court below was right in so ruling; and the verdict and judgment in favor of the defendant, based upon that ruling, were right and proper.

The judgment appealed from, therefore, must be *affirmed, with costs. And it is so ordered.*