## STATE *et al.* v. COUGHRAN *et al.*

1. No averments in an answer will be treated as constituting a counterclaim unless they are so designated in the answer, and are accompanied with a proper prayer for judgment.

2. Where an answer stating facts constituting a counterclaim was not designated as a counterclaim, and contained no prayer for judgment, it was proper for the court, on determining that the answer, although misleading in form, constituted a counterclaim, to permit a reply to be filed, notwithstanding plaintiff's noncompliance with a rule of court requiring motions for permission to plead after the time limited by the Code to be accompanied with an affidavit of merits and a copy of the proposed pleading.

3. A reply, when filed, relates back to the commencement of the action, and may be filed after the expiration of the limitation period, where the action is commenced within that period.

4. Defendant cannot defeat a suit to quiet title by showing that plaintiff has entered into an agreement to dispose of the property, where such agreement in no manner affects defendant's title.

5. The state, in a suit to quiet title, may avail itself of irregularities in defendant's title under a tax deed, although such irregularities were committed by the state's agents and officers.

6. Under Rev. Civ. Code, § 974, requiring the officer taking an acknowledgment of an instrument executed by a corporation to have satisfactory evidence that the person making the acknowledgment is the president or secretary of the corporation, and section 981, subd. 2, requiring the certificate of acknowledgment to state that the president or secretary of the corporation which executed the instrument appeared and acknowledged that the corporation executed the same, a certificate of acknowledgment stating that the person acknowledging the instrument personally appeared, and said that he was the president of the corporation, and that the seal affixed to the instrument was the corporate seal of the corporation, and that the instrument was signed and sealed in behalf of the corporation by authority of its board of directors, and that the president acknowledged the instrument to be the free act and deed of the corporation, was sufficient, although it failed to specifically certify that the person acknowledging the instrument was the president of the corporation.

7. An unrecorded assignment of a mortgage is good as against one who does not occupy the position of a subsequent purchaser or incumbrancer in good faith.

8. Testimony that a person acknowledging an assignment of a mortgage introduced in evidence was the president of the corporation which executed the assignment, and that his signature was genuine, was sufficient to establish prima facie the facts so testified to.

9. Whether notice of application for a tax deed was properly served upon the legal owner and person in possession of the land is a question of fact.

10. A finding of the trial court on a question of fact will not be disturbed

on appeal unless a clear preponderance of the evidence is against such finding.

11. Where a party fails to ask for a particular finding upon a question involved in the case, the failure of the court to make such finding will not be ground for reversal, where sufficient facts have been found to sustain the judgment.

12. A judgment quieting title in favor of plaintiff as against defendant is not evidence of plaintiff's title in a subsequent action brought against him by one who succeeded to the title of defendant prior to the institution of plaintiff's action, and who was not a party to such action.

(Opinion filed April 4, 1905.)

Appeal from circuit court, Minnehaha county; Hon. JOSEPH W. JONES, Judge.

Action by the state and John L. Lockhart, as trustee for the state, against Eugene W. Coughran and another. From a judgment for plaintiffs, defendant Coughran appeals. Affirmed.

*Aikens & Judge,* for appellant.

*Davis, Lyon & Gates,* for respondents.

CORSON, P. J.  This is an action to quiet title to a certain lot in the city of Sioux Falls. The complaint is in the usual form, and, the findings and judgment being in favor of the plaintiff, the defendant Coughran has appealed.

The defendants, in their answer, deny that the plaintiff was the owner of the property, admit that they claim title to said premises, and deny that such claim is without right. As the defendant F. W. Grow has not appealed, the defendant Coughran only will be referred to hereafter in this opinion. The defendant Coughran then alleges as follows: "(4) And the defendant Coughran states the nature of his claim and estate in the real property described in the complaint as follows." He

19 S. D.—18

then proceeds to set up the execution of a tax deed to himself
for the property in controversy, bearing date of the 4th day of
June, 1894, and duly recorded on the 10th day of July follow-
ing in the office of the register of deeds of the county of Min-
nehaha, and alleges that ever since said date he has been, and
was at the time of filing his answer, in the exclusive, adverse
possession of the said premises, by his tenant, F. W. Grow.
Defendant further alleged that subsequent to the execution of
said tax deed he paid the taxes upon said premises, and that,
by virtue of the said tax sale deed and the possession of said
premises, the defendant claims title and right of possession of
the said premises, and is the owner of the same.

On the trial the defendant and appellant objected to any
evidence on the part of the plaintiff on the ground that the de-
fendant pleaded his title as a counterclaim, and that, plaintiff
not having replied thereto, the defendant's title was admitted.
The circuit court having held, as claimed by the defendant,
that the answer setting up the title of the defendant constitut
ed a counterclaim, requiring a reply, the plaintiff, upon motion,
was allowed to file a reply thereto, in which it set up certain
irregularities in the assessments, which plaintiff claimed ren-
dered the tax deed invalid.

The court found certain procedures of foreclosure in an
action by the Northwestern Mortgage Trust Company against
Jones and wife, under which plaintiff claims, and also found
that the certificate of sale was duly assigned and transferred
by said Northwestern Mortgage Trust Company to John L.
Lockhart, trustee for the state of South Dakota; that thereaf-
ter a sheriff's deed was duly executed to said Lockhart, and
that since the 30th day of January, 1896, the state of South Da-

kota has been the absolute owner of the premises in contro-versy; that John L. Lockhart has held, and still continues to hold, title to the premises in his name as trustee. The court then found the execution of the tax deed to Coughran for the taxes of 1890; that Coughran in July, 1896, instituted an action against said Jones and wife for quieting title to said premises, and thereafter, on or about October, 1896, obtained possession of said premises, and has since remainsd in possession of the same; and that Coughran paid certain taxes thereon. The court in its tenth finding, finds "that no notice of intention to apply for or to take a tax deed against said premises in pur-suance of the tax sale for the taxes of the year 1890, as re-quired by law, was ever given or ever served upon said William S. Jones, in whose name said premises were taxed, and who was in possession thereof, or upon any member of his family." The court also finds certain other irregularities in the tax proceedings, and concludes that the tax deed described in the defendant's answer is null and void, and that the same should be canceled of record; that the plaintiff the state of South Da-kota is the absolute owner in fee of said premises; that the defendants, nor any of them, have any right, title, or interest in the said premises; and that the plaintiff should repay to the said Coughran the full amount of taxes paid by him.

The appellant contends that the court erred in permitting plaintiff to file a reply to his alleged counterclaim, on the ground that the court, in allowing the plaintiff to file a reply, abused its discretion and violated one of the rules of the court. The action was commenced July 9, 1897—less than three years after the recording of the defendant's tax deed. The reply was served April 20, 1901—something less than four years af-

ter the answer was served and filed. The rule of the court referred to by defendant is as follows: "No order allowing a party to plead after the time limited by the Code * . * * shall be granted unless that party applying therefor shall have served upon the adverse party, with his notice of motion, an affidavit of merits, together with a copy of his proposed pleading."

It is insisted on the part of the respondent that the averments in the answer did not constitute a counterclaim, and were not designated as such therein, and therefore it did not require a reply. It further insists that, if a reply was required, the granting of plaintiff's motion for leave to reply was entirely within the discretion of the trial court, and that in allowing the same to be filed the court committed no error. We are inclined to take the view that the plaintiff was right in treating the answer as a defense not requiring a reply, and not as a counterclaim. The plaintiff alleged title in itself, and the defendant alleged that he was the owner of the premises under and by virtue of the tax deed set out in the answer, and the issue was therefore squarely presented as to whether or not the plaintiff was the owner of the property. The plaintiff had alleged ownership, and, that ownership being denied, it was competent for the defendant to disprove the plaintiff's ownership by showing that he (the defendant) was the owner, and pleading his tax deed was simply another way of denying the plaintiff's ownership. It will also be noticed that the defendant, in his answer, does not designate the matter pleaded therein as pleaded by way of counterclaim, or as constituting a counterclaim, and there is no prayer for judgment. We are of the opinion, therefore, that the facts stated constitute a defense

only, and that no reply was required thereto. In view of the misunderstanding apparently arising in the courts as to whether the facts pleaded in the answer should be treated as a defense or a counterclaim, we think such a rule as was adopted in Wisconsin, in Stowell et al. v. Eldred, 39 Wis. 614, should be adopted here. In that case the learned Supreme Court of Wisconsin says: "On former occasions this court has had under consideration answers containing averments of fact so pleaded that it was doubtful whether counterclaims were predicated upon them, or whether they were alleged merely as defenses, and by argument and the application of various tests the court has determined the character of these pleadings. Should it be asserted that there is an inconsistency in those decisions, we are not prepared to dispute the assertion. The rule on this subject should be certain and uniform. In order that it may be so in the future, we take this occasion to say that hereafter no averment in an answer will be held to constitute a counterclaim unless it is so denominated, and the appropriate relief prayed. Wanting these requisites, the pleading will be held to be a defense only. It is so easy to commence a counterclaim by denominating it a counterclaim, and to close it with a demand for relief, that it is not unreasonable, and does no violence to the spirit of the Code, to require the pleader to do so." This view of the Supreme Court of Wisconsin was approved by the Supreme Court of California in Brannan v. Paty, 58 Cal. 330, in which case that learned court says: "It is sometimes a difficult matter to draw the line between a counterclaim and a defense, and for that very reason a rule ought to be declared which will in the future prevent any conflict in the decisions on that subject which might otherwise oc-

cur. We find such a rule laid down by the Supreme Court of Wisconsin in the case of Stowell v. Eldred, 39 Wis. 630, which, with the language in which it is declared, we adopt as correct" —quoting what we have heretofore quoted from the Supreme Court of Wisconsin. We are of the opinion that the rule as laid down by the Wisconsin and California Supreme Courts is correct, as to when averments in an answer do or do not constitute a counterclaim; and, commencing with the publication of this opinion, no averments in a pleading will be treated as constituting a counterclaim unless they are so designated in the answer, and it contains a proper prayer for judgment. This establishes a rule easily followed, and which we trust will prevent any misunderstanding in the future between counsel and the court as to whether a pleading does or does not constitute a counterclaim. This view seems to render it unnecessary to pass upon the decision of the court below in permitting the plaintiff to file a reply. But assuming that the court was right in treating the pleading as a counterclaim, it was still fully justified in permitting the plaintiff to file its reply, as the plaintiff had evidently been misled by the form in which the alleged counterclaim had been pleaded, notwithstanding the rule of the court; and it was proper for the court, in view of this fact, to exercise its discretion by allowing the reply to be filed; the motion being made at the trial, and not on notice. The contention of the appellant that the ruling of the court had the effect of extending the bar of the statute of limitations is clearly untenable, as the reply, when filed, related back to the commencement of the action. We are clearly of the opinion, therefore, that the court committed no error in granting plaintiff's motion.

It is further contended by the appellant that the court erred in refusing to allow the defendant to show that the state was not interested in this litigation. This contention is clearly untenable, for the reason that the issue between the parties was as to whether or not the state was the owner of the property. What disposition the state had determined to make of the property, or had agreed to make, unless it was a matter of record, or in some way affected the defendant, was not a matter of concern to him. It is somewhat of a novel proposition that the defendant could defeat the plaintiff's title to the property by showing that the plaintiff had entered into some agreement as to the disposition of the property it might recover, which in no manner affected plaintiff's title. Such inquiries were clearly irrelevant and immaterial, and neither proved nor tended to prove the issue as to the title to the property.

Again, it is contended by the appellant that the state could not maintain this action for the reason that the officers, in the proceedings for assessing, levying, and collecting the taxes, were acting as the agents of the state, and therefore it could take no advantage of any irregularities in the proceedings. No authority is cited for this contention, and we are certainly at a loss to discover any reason why the state, in seeking to establish its title to property in the courts of the state, which it has acquired, could not question the invalidity of the proceedings under which defendants claim title. When the state is compelled to come into court to establish its title to property alleged to be wrongfully withheld or claimed by a defendant, the case is to be tried precisely as it would be between private individuals, except that in certain cases the statute of limitations is not applicable to the state, and laches cannot be

imputed to it, that might be interposed as against individuals; and the contention that the state occupies any different position as a party to the action is clearly untenable, except as above stated.

It is further contended by the appellant that the court erred in permitting an assignment of the mortgage under which plaintiff claims title to be given in evidence, for the reason that the assignment was not properly ackowledged, so as to entitle it to be recorded, and that the execution of the assignment was not properly proven. The assignment purported to be executed by the president of the Northwestern Mortgage Trust Company of Redfield, S. D., of which W. W. Taylor claimed to be the president at the time of the assignment. The certificate of acknowledgment, omitting the formal parts, is as follows: "On this 20th day of December, 1894, before me, the undersigned, personally appeared W. W. Taylor, to me personally known, who, being by me duly sworn, did say that he is the president of the Northwestern Mortgage Trust Company of Redfield, So. Dakota, and that the seal affixed to said instrument is the corporate seal of said corporation, and that said instrument was signed and sealed in behalf of said corporation by authority of its board of directors, and said W. W. Taylor acknowledged said instrument to be the free act and deed of said corporation. C. H. Vinton, Notary Public in and for Spink County, Dakota. [Seal.]" It will be noticed that the notary has not followed the statute strictly in his acknowledgment, as he does not certify that said Taylor was the president of the corporation described in and that executed the instrument. The language of the statute upon that subject is as follows: "The acknowledgment of an instrument must not

be taken unless the officer taking it knows, or has satisfactory evidence, on the oath or affirmation of a credible witness, that the person making such acknowledgment is the individual who is described in and who executed the instrument; or if executed by a corporation, that the person making such acknowledgment is the president or secretary of such corporation.'' Section 974, Rev. Civ. Code. ''The certificate of acknowledgment of an instrument executed by a corporation must be substantially in the following form: Territory of—— or State of——, County of ——, ss.: On this —— day of —— in the year —— before me (here insert the name and quality of the office) personally appeared ——— known to me (or proved to me on the oath of ———) to be the president (or the secretary) of the corporation that is described in and that executed the within instrument, and acknowledged to me that such corporation executed the same.'' Subdivision 2, § 981, Rev. Civ. Code. While the certificate is somewhat informal, we are of the opinion that it substantially complies with the provisions of the statute. Under our Code, Taylor was a competent witness, and his statement that he was the president of the Northwestern Mortgage Trust Company, and that the seal affixed to said instrument was the corporate seal of said corporation; that said instrument was signed and sealed in behalf of said corporation by authority of its board of directors; and that he acknowledged the instrument to be the free act and deed of said corporation—was in substantial compliance with the statute. We are of the opinion that the court, in holding the certificate of acknowledgment sufficient, was correct, and the assignment was therefore duly recorded; but no law is called to our attention requiring an assignment of a certificate of sale to be recorded,

and, as against the defendant in this action, who does not occupy the position of a subsequent purchaser or incumbrancer in good faith, the recording of the certificate was not necessary to be proven, for in such a case it was sufficient for the plaintiff to give in evidence the unrecorded assignment. The evidence as to the fact that W. W. Taylor was the president of the corporation was sufficient, in the absence of evidence of proof tending to prove that he was not in fact such president. We are of the opinion, therefore, that the court committed no error in holding the assignment sufficient in the absence of proof that said Taylor was not in fact such president. The acts of the party reputed to be the president, and recognized as such, were sufficient to constitute him at least a de facto president, and his acts were prima facie binding upon the corporation. The evidence of H. H. Keith that said Taylor was the president of the corporation, and that his signature to the certificate of assignment was genuine, was, in our opinion, sufficient to establish that fact prima facie, at least in the absence of evidence to the contrary. Mr. Morawetz, in his work on Corporations, § 639, says: "The courts will not, as a rule, investigate the regularity of the election or appointment of an officer of a ·corporation, where the corporation itself and the shareholders do not question the agent's authority. Under these circumstances the ratification or acquiescence on the part of the corporation will be presumed."

It is further contended by the appellant that the court erred in finding that the notice that defendant Coughran would apply for a tax deed was not properly served upon the then legal owner and party in possession of said land. There was a conflict in the evidence upon which this finding is based,

but we are not prepared to say that the finding of the court was not supported by a preponderance of the evidence. It was a question of fact, and, being such, the decision of the court thereon will not be reversed unless there is a clear preponderance of the evidence against the finding. There being no such preponderance against the finding of the court, its decision will not be disturbed.

It is further contended by appellant that the court erred in not finding that the judgment entered in the case of Coughran v. Jones was not conclusive as to Coughran's title. The record in this case discloses no application to the court on the part of the defendant for a finding upon this question, and, where a party to an action fails to ask for a particular finding upon a question or issue involved in the case, the failure of the court to make such finding will not be ground for reversal of the court's decision, where facts sufficient have been found to sustain the judgment of the trial court. In the case at bar, however, the judgment was clearly inadmissible as against the plaintiff in the action, as such plaintiff was not a party to the record in that action, or a privy to the party, and was not bound thereby. The question as to the admissibility of a record of a judgment as against persons not parties to the record was fully discussed in the case of McPherson v. Julius, 17 S. D. 98, 95 N. W. 428, and was approved in Chapman v. Greene, 18 S. D. 505, 101 N. W. 351.

Finding no error in the record, the judgment of the circuit court and order denying a new trial are affirmed.

HANEY, J. I concur in the conclusion that the judgment of the circuit court should be affirmed, without approving all the reasons stated by the Presiding Judge.