## BRANHAM et al. v. JOHNSON.

### No. 6616.

United States Court of Appeals for the District of Columbia.

Decided July 13, 1936.

Rehearing Denied Sept. 10, 1936.

Carl A. Marshall, of Washington, D. C., for appellants.

Edward A. Aaronson, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

MARTIN, Chief Justice.

A special appeal from an interlocutory order of the lower court overruling a motion of the appellant to dismiss the plaintiff's bill of complaint.

On June 4, 1935, the appellee, Ross H. Johnson, assignee of one Robert Marshall, as plaintiff below, filed a judgment creditor's bill in the lower court against the appellants A. G. Branham and Otis L. Williams.

The plaintiff alleged in substance that on June 21, 1929, one Robert Marshall recovered in the Municipal Court of the District of Columbia a judgment against appellant A. G. Branham in the sum of $350;

that on June 3, 1935, the judgment was duly assigned by Marshall to the plaintiff Johnson; that afterwards, on the same day, the judgment, not having been paid, a writ of execution was had thereon, placed in the hands of the United States Marshal for service, and duly returned by him "nulla bona"; plaintiff stated that so far as he has been able to discover, after diligent inquiry, the defendant Branham is not possessed of any property, either real or personal, subject to execution at law. The plaintiff further states that the defendants Branham and Williams in the conduct of their business are joint owners of a 1934 Chevrolet automobile, certain office furniture and equipment, and that they have been and now are deriving profits from the sale of lots of a real estate subdivision known as "Shelby"-on-the-Bay, located in the state of Maryland. The plaintiff further stated that the defendants have a joint interest in the aforesaid real estate and the defendant Branham's interest in the real estate and the aforesaid assets is sufficient to satisfy in full the judgment at law above set out. The plaintiff further stated that the judgment aforesaid remains in full force, unappealed from and not reversed, satisfied, or otherwise vacated; that no part of the amount of the judgment has been paid and that the same remains wholly due and unpaid.

The plaintiff therefore prayed for a discovery of the interests and property of the defendants and that all of the partnership interest of the defendant Branham in and to all of the assets be sequestered and sold and the proceeds applied to the extent necessary to satisfy the judgment; that for this purpose a trustee be appointed for the property in order to sequester all of the property of the partnership and to effect the said sale.

Appended to the bill were two exhibits, one of them being a copy of the judgment entered in the Municipal Court as aforesaid and the other a copy of the writ of execution issued thereon and the return thereof nulla bona.

Thereupon on June 25, 1935, the defendant Branham filed a motion to dismiss the bill for the following grounds: First, that the purported judgment upon which the action was based is not a lien on real estate and the court has not jurisdiction to grant the relief prayed for. Second, that the said alleged judgment is not now in existence as is disclosed on the

face of the bill, six years having elapsed since its rendition. Third, that there is no allegation that the defendants, or either of them, own any real property or personal property within the District of Columbia. And fourth, that if the alleged judgment in fact exists the plaintiff has an adequate remedy at law by writ of execution and attachment.

This motion was considered and overruled by the trial court, whereupon by leave of this court the present appeal was filed herein.

We are of the opinion that the lower court was right in overruling appellants' motion to dismiss the bill.

In answer to the first objection contained in the motion, it is sufficient to say that the present case was not brought below to foreclose a lien upon real estate, but to subject an equitable interest held as alleged by the debtor in certain partnership property to the satisfaction of the debt, service being had upon the members of the firm, such interest consisting of personal property and the profits arising from the sale of real estate.

■ The appellant next contends that the judgment upon which the present suit is brought is not now in existence, but is shown by the allegations of the bill to be barred by the statute inasmuch as six years have elapsed since its rendition. This contention is not well founded. It appears that the judgment was rendered on June 21, 1929, and the present case was begun on June 4, 1935, which is within six years after the rendition of the judgment. It is provided by Municipal Court Acts of the District of Columbia (D.C. Code 1924, p. 523, § 6 [D.C.Code 1929, T. 18, § 208]) that a judgment rendered by the Municipal Court of the District of Columbia shall remain in force for six years and no longer, unless the same shall have been docketed in the office of the clerk of the Supreme Court of the District of Columbia. It appears that the judgment in question was never docketed within this period. However, the fact that the suit in this case was begun within the period of six years after the rendition of the judgment is sufficient to sustain the jurisdiction of the court in respect of the matter set out in the bill. This is similar to a cause of action based upon a promissory note, a claim for damages, or other actions at law which must be brought within certain periods of limitation after the cause of action may arise. But if the actions are brought within such period, the rule is that the limitation no longer runs against the claimant as the bringing of the action tolls the statute. This conclusion seems to be self-evident. Huysman v. Newspaper Co., 12 App.D.C. 586; State v. Coughran, 19 S.D. 271, 103 N.W. 31; Forman v. Brewer's Ex'rs, 62 N.J.Eq. 748, 48 A. 1012, 90 Am.St.Rep. 475; Linn & Lane Timber Co. v. U. S., 236 U.S. 574, 35 S.Ct. 440, 59 L.Ed. 725; U. S. v. Miller (C.C.) 164 F. 444.

■ The appellant also contends that there was no bona fide effort made by the creditor to collect the judgment by means of the writ of execution issued thereon inasmuch as it appears from the copy of the writ that on the day when the execution was issued the marshal was directed by counsel for the creditor to make a return thereof indorsed "nulla bona," and that accordingly the marshal made a return so indorsed upon the same day; and that this fact defeats the present suit of the plaintiff for the enforcement of the judgment in equity.

We think that this contention cannot be raised collaterally as is attempted in the present case, for whatever might be the effect of the action of the plaintiff in recalling the execution before the legal expiration thereof, it did not render the writ of execution or the return thereof void. Fecheimer v. Hollander, 6 Mackey (17 D. C.) 512, 1 L.R.A. 368; Baxter v. Moses, 77 Me. 465, 1 A. 350, 52 Am.Rep. 783; How v. Kane, 2 Pin.(Wis.) 531, 54 Am.Dec. 152; Wright v. Nostrand, 94 N.Y. 31, 47.

The appellant in support of his latter claim cites the cases of Plumb v. Bateman, 2 App.D.C. 156, 173, and Thompson v. Tanner, 53 App.D.C. 3, 6, 287 F. 980, wherein an analogous question was presented in relation to the right of plaintiff to serve the defendant by publication after having caused summons to be issued which was returned by the order of the plaintiff's counsel indorsed "Not to be found." These cases are not apposite to the present case because of the fact that the questions were not raised collaterally, but in the same case by motion to quash the service by publication.

We therefore affirm the action of the lower court, with costs.

Affirmed.