### ESTES v. McWHORTER. (No. 522.)

(Court of Civil Appeals of Texas. El Paso. Feb. 3, 1916.)

1. LIMITATION OF ACTIONS ⬥119—STATUTE OF LIMITATIONS—INTERRUPTION BY SUIT—SUPPRESSING CITATION.

Where plaintiff, suing on a note, suppressed citation of the defendant when he filed his petition, and took no steps to procure issuance and service of citation on or before the date when four years from the maturity of the note elapsed, merely instructing the clerk after such date to issue in time for the next June term, such failure to issue and serve citation barred plaintiff's suit, since the running of the statute of limitations was not interrupted.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 529–535; Dec. Dig. ⬥119.]

2. LIMITATION OF ACTIONS ⬥119—STATUTE OF LIMITATIONS—INTERRUPTION BY SUIT—WAIVER OF CITATION.

Where suit on a note was barred because plaintiff failed to procure the issuance and service of citation on or before the date on which four years from the maturity of the note elapsed, so that the running of the statute of limitations was not interrupted, the subsequent filing by defendant of a waiver of citation and service did not remove the bar of the statute.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 529–535; Dec. Dig. ⬥119.]

3. LIMITATION OF ACTIONS ⬥119—STATUTE OF LIMITATIONS—INTERRUPTION BY SUIT—SUPPRESSING CITATION.

Plaintiff's suit on a note was barred, where he suppressed citation when he filed his petition and failed to take steps to procure its issuance and service on or before the date when four years from the maturity of the note elapsed, so that the suit failed to interrupt the statute of

limitations, though defendant in his original answer did not plead limitation.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 529–535; Dec. Dig. ⏣ 119.]

Appeal from Martin County Court; A. C. Eidson, Judge.

Action by A. D. Estes against S. D. McWhorter. From a judgment for defendant, plaintiff appeals. Affirmed.

R. N. Grisham, of Sweetwater, and Frank Judkins, of El Paso, for appellant. S. W. Pratt, of Stanton, and Gibbs & Anderson, of Midland, for appellee.

HIGGINS, J. On February 28, 1914, Estes filed this suit against McWhorter to recover upon the latter's promissory note dated March 22, 1909, due twelve months after date. Citation was never issued in the case, but on June 1, 1914, defendant executed and filed a waiver of citation and service, and agreed to enter an appearance, which he did on June 10, 1914.

In response to special issues the jury found:

"That plaintiff did not have citation issued at the time his original petition was filed; that the issuance of citation was delayed at the instance of plaintiff; that defendant did not promise to file a waiver of citation prior to four years from the maturity of the note, to wit, March 22, 1914; that plaintiff requested the clerk at the time he filed his petition to have citation issued at the earliest term to which it was returnable, to wit, the June term, 1914."

Upon these findings, judgment was rendered for defendant upon the theory that the note was barred by limitation. All of the evidence upon this phase of the case is as follows:

Defendant testified:

"I did not agree with the plaintiff to waive citation. I signed a waiver. Plaintiff did not ask me to waive citation. H. Hamilton, county clerk, came to me about May 15th and told me about the suit and that he was ready to issue citation, and I told him that I would waive citation."

Mr. Hamilton, the county clerk, testified:

"When this suit was filed, or about that time, either Judge Daniel, who filed the suit, or S. L. Estes, told me to hold up on the citation, that the plaintiff had made a proposition to the defendant that if the defendant would give him a new note before the running of the statutes of limitation, with a clause in it that if McWhorter did not gain his land the note would not be payable, that plaintiff would compromise the case. But he said that he wanted the suit to go on unless so settled, and that he wanted citations to issue for the June term, 1914. It was some time thereafter, perhaps about fifteen days, before the June term, that I saw the defendant and talked with him about the filing of the suit, and told him that I was ready to issue the citation, but he said that he did not want the citations to issue, and in order to save cost would waive citations and service. For this reason I never issued the citations. McWhorter thereafter did waive citation and service, and same is on file in the papers of the case, and has been since the June term, 1914. Plaintiff, at the time of filing the suit told me to be sure

and get out the citations for the June term. Citations were delayed by the plaintiff to see whether McWhorter would make the new note before the running of the statute of limitation."

[1] The testimony indicated conclusively establishes that prior to four years from the maturity of the note, no such steps were taken to interrupt the running of the statute of limitation, as is required by the decisions of our courts. No other judgment could have been rightfully rendered, except that which was rendered. No effort was made to procure the issuance and service of citation, except the instruction to the clerk to issue citation for the June term. Citation was suppressed by plaintiff at the time he filed his petition, and under our decisions it is very clear that it was incumbent upon him to take some steps to procure the issuance and service thereof on or prior to March 25, 1914, at which time four years from the maturity of the note would have elapsed. Merely instructing the clerk to issue in time for the June term was insufficient. The clerk could have complied with this instruction by issuing long subsequent to March 25th, but in ample time to compel an appearance at the June term. The failure to have citation issued and served on or prior to March 25, 1914, or making an effort so to do, barred the note. Bates v. Smith, 80 Tex. 242, 16 S. W. 47; Ricker v. Shoemaker, 81 Tex. 22, 16 S. W. 645; Maddox v. Humphries, 30 Tex. 494; Wood v. Railway Co., 15 Tex. Civ. App. 322, 40 S. W. 24; Wood v. Mistretta, 20 Tex. Civ. App. 236, 49 S. W. 236; Railway Co. v. Flatt, 36 S. W. 1029; Insurance Co. v. Templeton, 3 Willson, Civ. Cas. Ct. App. § 424; Tribby v. Wokee, 74 Tex. 142, 11 S. W. 1089; Goldstein v. Gans, 32 S. W. 185; Faires v. Loessin, 46 Tex. Civ. App. 551, 102 S. W. 924.

[2, 3] The subsequent filing by defendant of a waiver of citation and service thereof did not remove the bar of the statute of limitation. Neither is it of any consequence that in his original answer he did not plead limitation.

Affirmed.