HUGHITT v. TRENT.   (No. 6062.)

(Court of Civil Appeals of Texas. Austin.
Feb. 19, 1919.)

LIMITATION OF ACTIONS ⟜118(2)—SUSPENSION OF PERIOD—FILING OF PETITION.

Filing a petition with instructions not to issue citation thereon until further instructed, or until some future time, does not suspend the running of the statute of limitations.

Appeal from District Court, Mills County; F. M. Spann, Judge.

Action by Frank Hughitt against D. H. Trent. Judgment for defendant, and plaintiff appeals. Affirmed.

Robert L. Russell, of Goldthwaite, for appellant.

J. C. Darroch and L. E. Patterson, both of Goldthwaite, for appellee.

Findings of Fact.

JENKINS, J. Appellee made an affidavit charging appellant with an offense against the criminal laws of this state, and appellant was arrested upon a warrant issued upon said affidavit. The prosecution against appellant was dismissed in the county court of Mills county, December 6, 1915. Appellant filed his original petition with the clerk of the district court of Mills county December 4, 1916, wherein he sought to recover damages against appellee for malicious prosecution. This petition was signed by appellant in personam. The period of filing suits of this character is twelve months, so that the petition was filed two days before the action was barred by limitation. But on account of the absence of appellee from the state during the months of August and September, 1916, the period of limitation did not expire until February 6, 1917.

When appellant presented his original petition to the clerk of the district court of Mills county, said clerk informed appellant that he would require him to give a cost bond before citation would be issued. Thereupon appellant instructed said clerk not to issue citation until he (appellant) employed an attorney, as he wanted an attorney to examine his petition.

Appellant employed an attorney, who filed an amended original petition on September 12, 1917, and citation was issued September 13, 1917. Appellant had not requested the clerk to issue citation prior to that time. At the date of the issuance of said citation, appellee was again out of the state, having gone to New Mexico in August previous, where he remained during the months of August and September, 1917. But the full period of limitation had expired on February 6th, prior to appellee leaving the state in August.

Appellee pleaded the statute of limitation in bar of appellant's cause of action, and judgment was rendered for appellee on said plea.

### Opinion.

Appellant has not copied any of his assignments in his brief, as required by rules 29 and 30 (142 S. W. x). We might, under authority of rule 45, set aside the submission herein, and require appellant to file a proper brief herein; but it is apparent from the facts hereinabove set out that the court could not properly render any judgment other than was rendered.

Filing a petition with instructions not to issue citation thereon until further instructed, or until some future time, does not suspend the running of the statute of limitation. Ricker v. Shoemaker, 81 Tex. 28, 16 S. W. 645.

Finding no error of record, the judgment of the trial court is affirmed.

Affirmed.