HILLMER et al. v. ASHER.
No. 1206—5565.

Commission of Appeals of Texas, Section B.
June 25, 1930.

J. E. Wilkins, Hal Browne, and Thomson, Dilworth & Marshall, all. of San Antonio, for plaintiffs in error.

Bell & Bell and C. L. Bell, all of San Antonio, for defendant in error.

LEDDY, J.

In 1925 defendant in error, who was a single man 61 years of age, employed plaintiff in error, Mrs. Erna Hillmer, a widow 47 years of age, to nurse his sister at his home in Karnes county. During the time Mrs. Hillmer was engaged in nursing in defendant in error's home a friendship grew up between them, which ripened into love. Marriage was proposed by defendant in error, which was accepted by Mrs. Hillmer. During the engagement period defendant in error, at the instance of Mrs. Hillmer, gave her $3,000 in cash to be used in purchasing a residence in San Antonio, which she claimed they would occupy as a home when married. A little later at her further solicitation he gave her $4,000 additional cash. On January 4, 1927, she persuaded him to convey to her 859 acres of land in Karnes county, being practically all of his real estate, 'and she also induced him to deliver to her the possession of a Buick automobile valued at $500.

After obtaining these various items of property from defendant in error, Mrs. Hillmer consummated a trade with plaintiff in error H. T. Wick by which she conveyed to Wick two of the tracts of land obtained from defendant in error, one containing 166⅔ acres, and the other 399.17 acres, in consideration of the conveyance by Wick to her of an apartment house situated in the city of San Antonio.

On May 7, 1927, defendant in error brought suit in the district court of Karnes county against plaintiffs in error Mrs. Erna Hillmer and H. T. Wick, in which he sought to cancel the deeds made by him to Mrs. Hillmer for the 859 acres of land, and also to cancel the deeds executed by Mrs. Hillmer to Wick.

As a basis for his cause of action it was averred that the sole consideration for his conveyance of the land to Mrs. Hillmer was her promise to marry him, which was made by her without any intention of being performed, and for the purpose of defrauding him of said property; that on January 4, 1927, at a time when they had been engaged for a period of several months, but with no definite date fixed for the marriage, she represented to him, if he would convey to her said land, she would immediately marry him, and that in reliance upon such promise and representation he was induced to execute and deliver to her deeds of conveyance to said property. It was further alleged that immediately after the delivery of the deeds she asked postponement of the wedding on the ground that a very close friend of hers had died, and that she was so distressed in mind that she preferred to not consummate the marriage at that time. Asher avers that he agreed to such postponement, and also to several subsequent ones, in which no definite date was fixed for the marriage. After these various postponements had taken place, and about the 1st of May, 1927, defendant in error went to Mrs. Hillmer's home for the purpose of insisting upon the marriage ceremony being performed, but she declined to talk to him. He construed her action as a breach of the contract, and shortly thereafter filed this suit.

On January 7, 1928, defendant in error filed an amended petition in which he sought to recover $500 on account of the conversion by the defendant of an automobile belonging to him, and also to recover $7,000 by reason of various sums of money obtained from him by Mrs. Hillmer, and to establish a lien on the residence purchased by Mrs. Hillmer with $3,000 of the funds which he had given her.

Upon the filing of this amended pleading Mrs. Hillmer filed her plea in abatement

against the additional items of damage covered by the amended pleading, setting up that on May 8, 1927, defendant in error filed a suit in the district court of Bexar county, Tex., seeking to recover from her $500 for the conversion of the automobile and $7,000 for money advanced; the basis for the cause of action being that she had obtained these items of property from him by virtue of the promise of marriage fraudulently made by Mrs. Hillmer with no intention of carrying the same into effect.

The plea in abatement further alleged that another suit was filed in the district court of Bexar county by the defendant in error against Mrs. Hillmer on May 15, 1927, in which it was alleged that the apartment acquired by Mrs. Hillmer in trade for the land obtained from defendant in error was the property of defendant in error, and that Mrs. Hillmer held the same in trust for him, it being averred that she gave property which she had fraudulently obtained from him in exchange· for said property, and that he was entitled to recover said property.

Plaintiff in error Mrs. Hillmer insists that the district court of Bexar county acquired jurisdiction of defendant in error's cause of action to recover the $7,000, the value of the automobile, and the recovery of the San Antonio property before said items were presented by amended petition in the district court of Karnes county, and that therefore the former court obtained jurisdiction over said items of· damage, and the district court of ·Karnes county was· without jurisdiction to adjudicate the same, so long as it was shown that suits to recover therefor were pending in the district court of Bexar county.

We overrule this insistence, as it ,clearly appears that but one cause of action was presented by the amended petition, which was to recover various items of damage on account of property fraudulently procured by Mrs. Hillmer by virtue of a promise of marriage, which she had no intention of consummating at the time it was made. The filing of the two suits in Bexar county was merely an effort to split a single and indivisible cause of action, as a recovery of all the items of damage was sought on account of the procuring of defendant in error's property through fraudulent representations as to the same promise of marriage, for which cancel·lation of deeds was sought. This suit for cancellation of deeds was filed in Karnes county before portions of this same cause of action were filed in separate suits in the district court of Bexar county. By reason of the prior filing, the district court of Karnes county acquired jurisdiction of the entire cause of action; hence it was proper for defendant in error to amend his petition and include all items of damage arising under such cause of action. ,Cleveland v. Ward, 116 Tex. 1, 285 S. W. 1063; Benson v. Ful-

more (Tex. Com. App.) 269 S. W. 71; Long v. Long (Tex. Civ. App.) 269 S. W. 207; Barrier ,v. Lowery (Tex. Com. App.) 11 ·S.W.(2d) 298.

■■ The basis for the judgment in favor· of defendant in error in this case was the answer of the jury to certain special issues submitted ·by the court. The jury found in answer to special issue No, 1 that defendant in error conveyed 859 acres of land to Mrs. Hill·mer for· and in consideration of her promise to immediately marry him, and in answer to special issue No. 2 it was found that she failed and refused to comply with said promise of marriage.

Plaintiff in error Mrs. Hillmer seasonably complained of the submission of these issues as being ones not made by the pleadings or the evidence. This contention must be sustained. The case made by defendant in error's pleadings ·against Mrs. Hillmer was not the breach of her contract to immediately marry him. It is true it was alleged that such a promise was made, but Asher averred it was subsequently modified by an agreement between the parties to postpone such marriage without fixing a date therefor. Under such allegation, the contract was changed to one in which the law implied an obligation on the part of Mrs. Hillmer to marry defendant in error within a reasonable time, and the issue should have been submitted as to whether she failed and refused to marry him within a reasonable time after the last agreed postponement. The evidence presented no issue as to whether Mrs. Hillmer failed and refused to marry Asher immediately, as it was undisputed she did not immediately marry ·him after the conveyance of the lands on January 4, 1927. It was clearly erroneous to authorize a recovery by Asher upon the finding of the breach of a contract not relied upon in the pleadings nor sustained by the evidence. It was undisputed both by the plead·ings and the evidence that Asher consented to the request of Mrs. Hillmer that the marriage be postponed from January 4 to an indefinite time on account of the death of her friend, and that he also consented to further postponements up to May 1, 1927, when she declined to talk with him.

■ Defendant in error will not be permit·ted to plead one contract and obtain a judgment as for the breach of another and different contract. Gossett v. Vaughan (Tex. Civ. App.) 173 ·S. W. 933; Klepner v. O..J. Lewis Mercantile Co. (C. C. A.) 159 F. 94; Prestwood ,v. Eldridge, 119 Ala. 72, 24 So. 729.

■ The issue was raised by the pleadings of Mrs. Hillmer that she did not refuse to marry the defendant in error, but that he breached the contract himself by bringing this suit.

A special issue was requested by her submitting this defensive plea to the jury, which

was refused by the court. Such issue was properly pleaded, and, there being evidence raising the same, an affirmative submission thereof was demanded, hence the trial court should have given such requested issue in charge to the jury. Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517; Atchison, T. & S. F. Railway Co. v. Hill (Tex. Civ. App.) 171 S. W. 1028.

■ This brings us to a decision as to the contention that under the undisputed evidence Asher was estopped to deny that Mrs. Hillmer conveyed a good title to the property purchased by Wick.

It appears that Wick was not acquainted with Mrs. Hillmer prior to his negotiations to purchase this property. She had advertised to sell or exchange the property, and a real estate broker who represented Wick saw the advertisement, and on behalf of his client immediately got in communication with Mrs. Hillmer, proposing to trade an apartment owned by Wick for a part of the land Mrs. Hillmer had obtained from the defendant in error, Asher. After some negotiations had been carried on, Wick came to Karnes county to investigate the land which Mrs. Hillmer proposed to trade for his apartment. While there he was informed by several parties that he had better watch out about trading for this property, as it was claimed Mrs. Hillmer had not paid for it, and there would be trouble about it if he bought it. This evidence was sufficient to put Wick upon inquiry as to Asher's rights in this property. It seems that a mortgage company was making a loan for Wick upon the property which he was to receive in exchange for the apartment, and he had agreed to accept the opinion of the attorney for such company upon the title. As soon as he had learned these facts in Karnes county, he communicated with said attorney, and Asher and Mrs. Hillmer were brought to the attorney's office. The investigation made by the attorney for the mortgage company had disclosed that Asher's deed to Mrs. Hillmer to the 166-acre tract recited a consideration of $10 paid and other good and valuable considerations "paid and to be paid." A confirmation deed was required to cure this defect. Such a deed was duly executed by Asher and delivered to Wick, in which it was recited that Mrs. Hillmer had fully paid for this property, and Asher further made an affidavit to the same effect. It further appears from Asher's own testimony that he knew Wick was purchasing these two tracts of land from Mrs. Hillmer, and that he expressly consented to the sale of both tracts. There was prepared by the attorney an acknowledgment for the tenant on the 166-acre tract to sign, acknowledging that Wick had purchased the same and was entitled to collect the rents, and Asher personally procured the tenant's signature to

this instrument and delivered the same to Wick.

Under the facts recited, Asher's conduct was such as to estop him from denying Mrs. Hillmer's right to convey this land to Wick, who it appears paid value therefor. It is true Wick had received information sufficient to put him upon inquiry as to whether Mrs. Hillmer had the right to convey a good title to this land. It is equally true, however, that he pursued diligently the inquiry to the proper source, and that was to Asher himself. When Asher affirmatively represented to Wick that the 166 acres belonged to Mrs. Hillmer, that she had fully paid for same, and had a right to convey it and also executed a confirmation deed thereto, he should not be permitted to take advantage of the fact that his own representations which Wick relied on in purchasing the property were false.

With reference to the 399-acre tract, Asher was present at the time the deed was made, and admits that he had full knowledge of the fact that Wick was purchasing it and paying value therefor, and that he at no time mentioned to him that Mrs. Hillmer had not paid for the same or that the consideration therefor was her promise to marry him. He admits that the deal with Wick for this tract of land was with his full consent. He contends, however, that such consent to the deal was obtained on account of Mrs. Hillmer's fraudulent representations to him as to the value of the San Antonio apartment, which she received for the land, but it is not claimed that such representations were made in Wick's presence or that he had any knowledge thereof.

Asher having by his silence permitted Mrs. Hillmer to appear as the true owner of this property with power of disposition thereof, when the facts imperatively demanded that he should speak if he desired to protect his interest, in all good conscience estops him from recovering this land from one who in reliance upon such conduct has been induced to part with his property. Portis v. Hill, 30 Tex. 530, 98 Am. Dec. 481; Hatchett v. Conner, 30 Tex. 104; Kempner v. Huddleston, 90 Tex. 182, 37 S. W. 1066; Bigelow on Estoppel, p. 547.

We recommend that the judgment in favor of defendant in error against H. T. Wick be reversed and rendered in favor of Wick, and that the judgment in favor of defendant in error against Mrs. Erna Hillmer be reversed and remanded for another trial not inconsistent with the views herein expressed.

CURETON, C. J.

Judgments of the Court of Civil Appeals and district court in part reversed and remanded, and in part reversed and rendered.

as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.