DALLAS JOINT STOCK LAND BANK OF
DALLAS v. SUTHERLAND et ux.
No. 9541.

Court of Civil Appeals of Texas. San
Antonio.
June 20, 1934.

Rehearing Denied Aug. 20, 1934.

See, also (Tex. Sup.) 73 S.W.(2d) 54.

Montgomery, Hall & Taylor, of Edinburg,
and Renfro & McCombs, of Dallas, for appel-
lant.

Lloyd & Lloyd, of Alice, for appellees.

BICKETT, Chief Justice.

This is an appeal from an interlocutory or-
der of the district court of Duval county,
overruling a plea in abatement and denying a
motion to dissolve a temporary restraining
order previously granted, which plea and mo-
tion were based on the pendency of a suit in
the district court of Dallas county.

The correctness of the order depends upon
whether the district court of Duval county
had first acquired jurisdiction of the subject-
matter of a suit subsequently filed in one of
the district courts of Dallas county. The so-
lution of the question requires that we re-
count the history of the litigation.

On December 15, 1926, John W. Sutherland
and wife, Sue Fann Sutherland, executed
and delivered a promissory note for the prin-
cipal sum of $29,000, payable to the order of
the Dallas Joint Stock Land Bank of Dallas;
and on the same date they, also, executed and
delivered a deed of trust, conveying to H. W.
Ferguson, trustee, for the benefit of the payee
of that note, approximately 8,292.5 acres of
land in Duval county, Tex., in order to secure
the payment of that indebtedness. On De-
cember 15, 1926, G. W. Sutherland and wife,
Sarah J. Sutherland, executed and delivered
a promissory note for the principal sum of
$42,500, payable to the order of the Dallas
Joint Stock Land Bank of Dallas; and on
the same date they, also, executed and de-
livered a deed of trust, conveying to H. W.
Ferguson, trustee, for the benefit of the payee
of that note, approximately 12,185 acres of
land in Duval county, Tex., in order to secure
the payment of that indebtedness. On De-
cember 28, 1926, John W. Sutherland and
wife, Sue Fann Sutherland, conveyed to G.
W. Sutherland the first-mentioned tract; and
the grantee assumed the payment of the in-
debtedness, the payment of which was secur-
ed by lien on that tract.

On December 6, 1932, G. W. Sutherland and
Sarah J. Sutherland filed suit against the
Dallas Joint Stock Land Bank of Dallas in
the district court of Duval county, alleging
in their original petition that the security
property was several times more valuable
than the amount of the debt, that there was
a prospective oil and gas development in that
vicinity, that there were valuable improve-
ments on the land, that they had no other
place to put their cattle, that the defendant
was threatening to cause the trustee under
the deeds of trust to sell the land, and that
the plaintiffs were without adequate legal
remedy and would suffer irreparable loss un-
less the court should grant a temporary re-
straining order, temporary injunction, and
permanent injunction to prevent the proposed
sale. On the same date the court, upon an
ex parte hearing and without notice, granted
a temporary restraining order as prayed.

Thereafter, the same parties, as plaintiffs,
filed in the same suit a first amended orig-
inal petition and a second amended original
petition, repeating in each pleading substan-
tially the same allegations and, also, alleg-
ing that a described tract, 200 acres of the
land, was their homestead and that the lien
was void as to the homestead tract. The
prayer of each amended petition was for a
temporary restraining order, a temporary in-
junction, and a permanent injunction to pre-
vent the sale of the security property under

the deeds of trust. In each instance the district court granted a temporary restraining order upon an ex parte hearing and without notice. On the hearing of the application for temporary injunction contained in the first amended original petition, March 6, 1933, the district court granted a temporary injunction, restraining the sale under the deeds of trust of the 200-acre homestead tract, dissolved the temporary restraining order previously granted as to all of the land except the homestead tract, and denied the application for temporary injunction as to the sale of all of the land except the homestead tract. But, before the hearing on the application for temporary injunction contained in the second amended original petition, the plaintiffs filed their third amended original petition.

On May 9, 1933, the same parties, as plaintiffs, filed their third amended original petition in the same cause, reiterating their allegations and seeking a stay of sales under the deeds of trust for 180 days, under the provisions of chapter 102, p. 225, Acts of 1933, 43d Legislature, Regular Session (Vernon's Ann. Civ. St. art. 2218b). On May 10, 1933, the Dallas Joint Stock Land Bank of Dallas filed its motion to vacate the temporary restraining order and to deny the temporary injunction prayed. After notice and upon hearing, the district court, on May 10, 1933, granted a temporary injunction, restraining any sale under the deeds of trust until after 170 days from that date, and further restraining, particularly, any sale of the homestead tract until the further orders of the court. The defendant appealed from the order, and this court reversed the judgment of the district court on account of the unconstitutionality of the statute. Dallas Joint Stock Land Bank v. Sutherland (Tex. Civ. App.) 64 S.W.(2d) 1117.

On February 27, 1934, the Dallas Joint Stock Land Bank of Dallas, as plaintiff, filed a suit in the district court of Dallas county, naming as defendants G. W. Sutherland and wife, Sarah J. Sutherland, John W. Sutherland and wife, Sue Fann Sutherland, and about twenty-seven others who were not makers of the notes nor grantors in the deeds of trust, but who were alleged to be claiming some right, title, or interest in the security property in subordination to the liens of the plaintiff. That suit had as its object the recovery of a judgment against the parties liable on the notes for the amount of the indebtedness and against all of the defendants for the foreclosure of the deed of trust liens up-

on all of the security property except the 200-acre homestead tract.

On March 6, 1934, G. W. Sutherland and wife, Sarah J. Sutherland, filed their fourth amended original petition in the suit pending in the district court of Duval county, repeating their previous allegations and making the necessary allegations to come within the so-called "Moratorium Act" of 1934, chapter 16, p. 42, Acts of 1934, 43d Legislature, Second Called Session (Vernon's Ann. Civ. St. art. 2218b note). The district court of Duval county, on the same date, granted a temporary restraining order, restraining the prosecution of the suit in the district court of Dallas county. On April 24, 1934, the Dallas Joint Stock Land Bank of Dallas filed a plea in abatement and a motion to dissolve the temporary restraining order, alleging the pendency of the suit filed by it in the district court of Dallas county and describing the nature of that suit and showing the absence of any intention of foreclosing on the homestead tract. The plea in abatement and the motion were overruled on that same date.

In the suit in the district court of Dallas county, G. W. Sutherland and wife, Sarah J. Sutherland, filed a plea of privilege to be sued in Duval county and, also, a plea in abatement on account of the prior pendency of the suit in the district court of Duval county.

The Dallas Joint Stock Land Bank of Dallas has perfected an appeal from the order of the district court of Duval county, overruling its plea in abatement and denying its motion to dissolve the temporary restraining order.

Appellant contends that, on February 27, 1934, when it filed the suit in the district court of Dallas county, the 170-day period of stay granted by the temporary injunction of May 10, 1933, had expired, that the entire remaining subject-matter then involved in the suit pending in the district court of Duval county was the attack upon the validity of the lien on the homestead tract, and that the subject-matter involved in the suit pending in the district court of Dallas county was the debt and the lien on all of the land except the homestead tract, and that, therefore, there was no conflict in jurisdiction between the two courts.

However logical the argument may be, there is the more important consideration of effecting an orderly administration of justice and avoiding an unseemly conflict between courts. It is true that the third amended petition in the Duval county suit was emascu-

lated to a considerable extent, if not by the prior decision of this court, at least by the passage of time rendering moot the question as to the stay under the Moratorium Act of 1933. It may be that every feature of that petition, except the homestead matter, would be properly stricken on demurrer or exception. Certainly, the prayer of that petition for a perpetual injunction against the enforcement of the entire debt and liens, aside from the homestead subject, is not based upon any allegations of which a court of law or equity could take cognizance. But, nevertheless, that petition did involve, though vaguely and insufficiently, some character of attack upon the debt and lien as a whole. And it was subject to amendment prior to the final trial on the merits.

The subject-matter of litigation is within the exclusive jurisdiction of the court in which the petition presenting that subject-matter is first filed, although the petition may be subject to demurrer. Cleveland v. Ward, 116 Tex. 1, 285 S. W. 1063, 1069; Way & Way v. Coca Cola Bottling Co., 119 Tex. 419, 29 S. W.(2d) 1067; Dallas Joint Stock Land Bank v. Glenn (Tex. Civ. App.) 25 S.W.(2d) 164; Dickerson v. Hopkins (Tex. Civ. App.) 288 S. W. 1103.

In Cleveland v. Ward, supra, it was said:

"Regardless of the question as to whether the original petition was sufficient in all respects against demurrer, its subject-matter was within the jurisdiction of the district court of Johnson county, and that court, by the filing of the petition, acquired jurisdiction of the suit. (Citing authorities.) * *

"When suit was filed in the Johnson county district court, the jurisdiction of that court attached, with power on the part of the court to permit the pleadings to be amended and amplified, new parties to be made, to determine all essential questions, and to do any and all things with reference thereto authorized by the Constitution and statutes, or permitted district courts under established principles of law."

The district court of Duval county first acquired jurisdiction of the subject-matter of this litigation. And the order overruling the plea in abatement and denying the motion of appellant was correct.

There is not involved upon this appeal the constitutionality of the Moratorium Act of 1934. No judgment or order was entered by the district court of Duval county with reference to the relief sought by the fourth amended original petition under that act. The only order here presented for review is the one of April 24, 1934, overruling the plea in abatement and denying the motion to dissolve a temporary restraining order. We, therefore, express no opinion upon the constitutionality of the Moratorium Act of 1934.

The judgment of the district court is affirmed.

### On Motion for Rehearing.

The status of the original suit in the district court of Duval county at the time of the institution of the suit in the district court of Dallas county is the first important consideration. It was during the interim between the filing dates of the third amended original petition and of the fourth amended original petition of the Sutherlands in the district court of Duval county that the Dallas Joint Stock Land Bank of Dallas filed its original petition in the district court of Dallas county. The third amended original petition, in addition to seeking delay under the Moratorium Act of 1933 (Vernon's Ann. Civ. St. art. 2218b), attacked, both by general allegations and by prayer for perpetual injunction, the enforceability of the debts and liens against all of the security property. As the matter thus stood, the entire field was then pre-empted.

The former appeal involved only a temporary injunction, which was granted under the third amended original petition and which extended to the Sutherlands the benefits of the Moratorium Act of 1933. This court reversed the judgment of the district court, granting the temporary injunction, on the ground of the unconstitutionality of that act. Thereafter, on June 19, 1934, the Supreme Court, probably upon the ground (if for no other reason) that the question made under that act had become moot by lapse of time, held that the temporary injunction should be dissolved except as to the homestead tract. That decision, which this court had before it on the day of and just prior to handing down the original opinion in this case, simply had the effect of removing from the case the request for delay under the act mentioned. It left the general allegations and the prayer for perpetual injunction to be tested by demurrer or exception or to be answered on the facts. It, therefore, did not destroy the jurisdiction already invoked over the entire subject-matter.

The fourth amended original petition was not in effect less restricted than the third. The general allegations in both were substantially the same. It would serve no useful purpose to incumber the opinion with lengthy quotations or statements of the contents of those pleadings. Suffice it to say that some

allegations challenge the right to enforce the debts and liens against all of the property. And the prayer contains a prayer for general relief. Besides the old features brought forward, this last pleading makes the allegations to come under the Moratorium Act of 1934 (Acts 43d Leg., 1934, 2d Called Sess., c. 16, Vernon's Ann. Civ. St. art. 2218b note), and to obtain a stay of enforcement of the entire debts and liens. These latter allegations do not call for any expression upon the constitutionality of that act. But, taken with all the other allegations, they show that the pleading did not surrender any of the jurisdiction previously acquired by the district court of Duval county over the whole subject-matter.

The motion for rehearing is, therefore, overruled.