**FERGUSON et ux. v. MELLINBRUCK.**

No. 10626.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 15, 1939.

Rehearing Denied Dec. 30, 1939.

Milton J. Baird, of Edinburg, for plaintiffs in error.

L. J. Polk, of Pharr, for defendant in error.

SMITH, Chief Justice.

This action grew out of a contract for the exchange of properties, in which it was stipulated that plaintiffs in error, Ferguson, convey to defendant in error, Mellinbruck, certain land in Kansas City, Missouri, and that defendant in error convey to plaintiffs in error certain lands in Hidalgo County, Texas, each party to assume certain outstanding indebtedness against the property to be conveyed to him in the exchange. In addition to this assumption plaintiffs in error agreed to pay defendant in error a certain amount in cash and deliver to him a certain diamond ring as part of the consideration for the exchange. It seems to be conceded that plaintiff in error paid over the money and delivered the ring to defendant in error, but afterwards repudiated the contract, and, still later, brought this action to recover the money and ring from defendant. Judgment, based on jury findings, was rendered denying recovery to the Fergusons, who have appealed.

As the parties occupy the same positions on appeal as they did. below, they will be

referred to as plaintiffs and defendant, respectively, as in the trial court.

The record conclusively shows that plaintiffs' cause of action accrued, by reason of their renunciation of the contract, on or before October 1, 1933, and while it appears that this suit was filed below on September 6, 1937, it was further shown, and the jury found, that issuance of citation thereon was delayed, at the instance of plaintiffs' attorneys, until October 14th. In the meantime, and not later than October 1st, four years' time had elapsed since plaintiffs' cause of action had accrued and the statute of four years' limitation therefore barred the action, Vernon's Ann.Civ. St. art. 5529, unless the mere filing of the suit, unaffected by plaintiffs' intentional procurement of the delayed issuance and service of citation, had the effect of intercepting and averting the bar, by stopping the running of the limitation.

■■ It is settled law in this State that the mere filing of a suit, without the intention of plaintiff to forthwith procure issuance and service of citation, is ineffectual to affect limitation, and when the plaintiff by his conduct or that of his attorneys (Ricker v. Shoemaker, 81 Tex. 22, 16 S.W. 645) prevents or postpones issuance and service of citation until after the lapse of the period of limitation the bar becomes effectual. 28 Tex.Jur. pp. 193, 195, §§ 100, 101. The evidence on this question, and the jury finding thereon, support the trial court's conclusion and the judgment based thereon, that plaintiffs' cause of action was barred by the statute, and that judgment must be affirmed, unless relevant procedural error requires reversal.

This question of the conduct of plaintiffs in suppressing issuance and service of citation was raised in their first assignment of error, and briefed under several propositions thereunder. The issue was submitted to the jury by this question: "Do you find from a preponderance of the evidence that the fact that the citation introduced in evidence in this case was not issued until October 14, 1937, was occasioned by any act or conduct of the plaintiffs' attorneys or either of them?"

■ Plaintiffs' first proposition under this assignment is that the "issue submits a question of law, and not one of fact for the determination of the jury." We overrule the proposition because, in our opinion, the specific question calls for the determination of an issue of fact.

■ Plaintiffs' second proposition under this assignment is that the question submitted does not require the jury to find "as to the existence or non-existence of an ultimate fact, and the jury's answer thereto is insufficient to support the judgment that plaintiffs did not prosecute their suit within four years." The first objection is, obviously, without merit, and the second, even if well taken, does not affect the propriety of submitting this particular issue.

■ In his third and last proposition relating to the question of limitation, plaintiff contends the evidence was insufficient to warrant the submission of the issue. We overrule the proposition. The evidence was sufficient, if not conclusive against plaintiff, on the issue. In this proposition plaintiff again urges that the "answers of the jury to the said question is insufficient to support the judgment that plaintiffs did not file and prosecute their suit within four years." We repeat, however, that that objection did not affect the propriety of submitting this particular issue.

In their second assignment of error plaintiffs complain of the refusal of the trial judge to direct a verdict for plaintiffs. The only proposition under this assignment covers six pages of plaintiffs' brief, in the form of a statement of the case, setting out each of the several contentions of the parties, and raising numerous questions of law and fact, and is so multifarious and so intermingles those questions as to prohibit orderly consideration on appeal. Nevertheless, the proposition, or at least the assignment of error on which the proposition purports to rest, must be overruled, on the ground that under the record the trial judge was not authorized to direct a verdict for plaintiffs. For a like reason we overrule plaintiffs' fourth and last assignment of error and propositions thereunder.

■ In their third assignment of error and the proposition thereunder plaintiffs complain of the submission of a certain special issue to the jury, but as they made no objection in the trial court to such submission, they cannot complain of it on appeal.

The judgment is affirmed.