LORRAINE C. REED V. DAVID G. REED

No. A-6442. Decided January 8, 1958.
Rehearing overruled April 9, 1958.
(311 S.W. 2d Series 628)

*Matthews, Nowlin, MacFarlane & Barrett,* and *Lewis T. Tarver, Jr.,* all of San Antonio, for petitioner.

The Court of Civil Appeals erred in refusing to hold as a matter of law that respondent, David Reed, did not commence his suit in El Paso County prior to the commencement of the

instant suit because the uncontroverted evidence clearly showed that after filing his petition he made no request for a waiver of citation nor that process issue; did not mention the suit to petitioner, Lorraine Reed, nor exercise any diligence to have her brought into court, until after he had been served with citation in her action for divorce. Powers v. Temple Trust Co., 124 Texas 440, 78 S.W. 2d 951; Long v. Long, Texas Civ. App., 269 S.W. 207, no writ history; Ricker, Lee & Co. v. Shoemaker, 81 Texas 22, 16 S.W. 645.

*Moursund, Ball, Bergestrom & Barrow* and *H. W. Moursund,* all of San Antonio, for respondent.

Cited in reply to petitioner's points of error, Garrity v. Rainey, 112 Texas 369, 247 S.W. 825; East Texas Motor Freight Lines v. Loftus, Texas Civ. Appeals, 223 S.W. 2d 613; Moore v. Dilworth, 142 Texas 538, 179 S.W. 2d 940.

MR. JUSTICE GARWOOD delivered the opinion of the Court.

In this divorce suit brought by our petitioner Mrs. Reed in Bexar County, and of which we have jurisdiction by reason of a dissent in the Court of Civil Appeals, the sole question for decision is whether the trial court properly sustained the plea in abatement of the respondent-defendant husband based on the pendency of a prior divorce suit filed by him against our petitioner in El Paso County. The petitioner's contest of the plea was based largely on the failure of the respondent to request or procure issuance of citation in his El Paso suit for some fifteen months and until after the petitioner's later suit was filed and citation therein served. The Court of Civil Appeals upheld the trial court on the theory that there was evidence to sustain the implied finding of the latter that the respondent's prior suit was filed in good faith. 303 S.W. 2d 460. We take a contrary view.

■ The respondent's suit was filed June 6, 1955, and that of the petitioner on February 1, 1956, the respondent's plea in abatement being, of course, directed against the latter. Upon filing the earlier suit the respondent made no request of the petitioner for a waiver of citation at any time, and did not seek issuance of citation for some fifteen months thereafter, when it was finally issued and served in the latter part of August, 1956, following filing of the petitioner's suit on February 1, 1956, and service of process therein on the respondent on August 8, 1956.

The respondent has not contended that the petitioner's suit itself was not filed in good faith or prosecuted with diligence. He does not even contend that his own suit, after filing, was prosecuted with diligence. His position is exactly that taken by the majority of the Court of Civil Appeals, to wit, that the only issue is whether at the time his petition was physically filed he intended to have process issued and served and to prosecute the suit to judgment; and that the implied finding of the trial court to this effect is supported by evidence. Admittedly the only evidence thus referred to is the testimony of the respondent himself in which he answered "Yes, sir" to a leading question from his own counsel as to wehether, at the time his El Paso Attorney filed the earlier suit, he, the respondent, intended "in good faith to get out service in that case and prosecute that case in El Paso to final judgment." Everything else in the record tends to contradict rather than corroborate this statement of his intention, except his own testimony, disputed by that of petitioners, to the effect that a day or two before his suit was to be filed he told her in San Antonio that it had been filed.

The only cases involving pleas of prior action pending which have been cited to us might seem to assume the basic rule to be as contended by the respondent husband, to wit, that the prior action is or is not a pending action according to whether it has or has not been "commenced" (see Rule 22, Texas Rules Civ. Proc.) and that a suit is or is not "commenced" according to whether it was or was not physically filed with the intention to procure the issuance and service of process and to prosecute the suit to judgment. For example, in V. D. Anderson Co. v. Young, 128 Texas 631, 101 S.W. 2d 798, although we in effect sanctioned the overruling of an otherwise valid plea in abatement on the ground of estoppel arising from fraud in connection with the filing of the earlier suit, we nevertheless stated that "* * * as a general rule, a suit is commenced by filing a petition with the bona fide intention to prosecute it to judgment, * * *.", adding, nevertheless, that "the mere physical filing of the petition is not sufficient to oust the Court in which the same suit is subsequently filed of active jurisdiction." 101 S.W. 2d 800-801. Similar language is found in the similar case of Russell v. Taylor, 121 Texas 450, 49 S.W. 2d 733, 737, although the language in the Russell case is somewhat more specific in describing the necessary intention as including the intent "to obtain service." See also Powers v. Temple Trust Co., 124 Texas 440, 78 S.W. 2d 951; Long v. Long, Texas Civ. App., 269 S.W. 207, 210; Southwestern Life Insurance Company v. Sanguinet, 231 S.W. 2d 727. In the two latter cases, the court, in holding the

prior suit to take precedence over the later one, states in broad terms that a suit is deemed to be commenced when filed with intent to get out citation and prosecute the case to judgment. The relevant observation in Powers v. Temple Trust Co., which rather discounts the failure of the plaintiff in the earlier suit to get out citation, may no doubt itself be discounted, since it refers to Art. 2021, R.C.S. 1925, imposing a more or less absolute duty of the clerk to issue citation, and that statute has since been replaced by the somewhat contrary provisions of Rule 99, Texas R. Civ. Proc.

None of these decisions are closely in point on the facts with the instant case. None of them involved the element of long delay in prosecuting the earlier suit prior to the filing of the later one, while those which give priority to the later suit did so on the ground of estoppel for fraud or similar conduct on the part of the earlier plaintiff. None of them clearly indicate whether the rule of "good faith" in the filing of the earlier suit is or is not intended to be the same as that applied in cases involving the tolling of the statute of limitations by suit, nor do we know of any decision dealing expressly with this latter question, although in Russell v. Taylor, supra, the court evidently did rely on our decision in Ricker, Lee & Co. v. Shoemaker, 81 Texas 22, 16 S.W. 645, which was a limitations case.

However, such language in the above cited cases as might be argued to support the rule contended for by the respondent could hardly have been intended to apply to various readily imaginable fact situations not before the court, in which the mere undisclosed intent of the filer of the earlier suit at the time of delivering the petition to the clerk would seem to be a rather dubious test in determining whether that suit should prevail over one later filed by the opposing party.

■ For example, if the first filer, at the moment of filing, admittedly did not have an intent to get out process or prosecute the suit, but within a few days thereafter acquired such an intent and actually had process served prior to the filing of the second suit, his plea in abatement to the latter would seem ordinarily to be good. Conversely, it would appear reasonable to hold that an earlier suit, originally filed with full intent to get out process and prosecute the matter to judgment but later in effect abandoned, should not ordinarily prevail over a later suit filed after such abandonment might be said to have occurred. As reflected in Bevil v. Johnson, 157 Texas 621, 307 S.W. 2d 85; reversing Johnson v. Bevil, 304 S.W. 2d 953, a suit may properly

be dismissed for past lack of diligence in its prosecution, notwithstanding that the plaintiff's objection to the dismissal at the corresponding hearing was in effect a manifestation of his intent to prosecute it (thereafter, at least) to judgment. It would seem that if a given set of facts justifies dismissal of a suit over the protest of the plaintiff that he wishes to prosecute it, the same facts would also justify subordinating the same suit to a later one filed by the opposite party involving the same subject matter.

■ In other words, in the matter of pleas of prior action pending, the test of "good faith" at the time of physical filing of the earlier suit should not always apply, the result being that the plea in abatement may be defeated by reason of matters accruing subsequent to the actual filing of the earlier suit. From this it seems in turn to follow that in cases of the same general type as the instant case, the governing rule may well be substantially the same as that applied in cases involving tolling of the statute of limitations by suit.

We see no serious objection to a rule such as that last stated. There can hardly be any important difference between the policy behind the rule in the limitation cases and a policy which in effect would impose a kind of limitation upon pleas in abatement for prior action pending. One may, of course, argue that for social reasons the plaintiff in a divorce case should not be discouraged from delaying prosecution of his earlier suit. But we can hardly say as a matter of our own knowledge that such an otherwise illogical exception for divorce cases would cause a materially lesser number of breaking homes to be lastingly broken that would otherwise be the case. It would ssem rather speculative to say that it would. The question would arise only in the rather exceptional case in which the spouses reside in different counties; and even in these exceptional cases, the original plaintiff, having gone so far as to retain counsel and file suit, no doubt usually has citation issued and served promptly, without regard to whether such is or is not necessary to forestall a later suit by the other spouse. Moreover, it could be that a rule requiring diligence in getting out citation and prosecuting the suit will itself have the socially desirable effect of postponing the filing of all suits in instances in which there is some chance of reconciliation.

■ Now, turning to the limitations cases, these themselves sometimes state the rule in terms not altogether clear. In holding the statute not to have been tolled by suit, they sometimes speak

as if the intent of the filer of the suit, at the time of filing, is what controls, and yet go on to ascertain his intent exclusively by reference to his conduct both after and at the time of filing. For example, in Ricker, Lee & Co. v. Shoemaker, supra, in which the filer testified in effect to his intent, at the time of filing and, indeed, thereafter, to prosecute his case, but said he had been unable to get out citation for approximately a year because of lack of funds wherewith to pay the costs, was held that, as a matter of law, the statute was not interrupted, although referring to his original intent as the test. See also Owen v. City of Eastland, 124 Texas 419, 78 S.W. 2d 178. However, it now appears to be expressly settled that prosecution of the suit with diligence is necessary in order to toll the statute. Buie v. Couch, Texas Civ. App., 126 S.W. 2d 565, wr. of er. refused; Adams v. Slattery, 156 Texas 433, 295 S.W. 2d 859. In the Buie case, in which a delay of nine months in getting out citation was held, as a matter of law, to prevent tolling the statute, the court quoted with approval the language of an earlier decision to the effect that "there must be a bona fide intention also that process be issued and served *and due diligence exercised* that such process issue and be served" (emphasis supplied). The Adams case is to the same effect, and while it involved the statutes of adverse possession of land, it cites Ricker, Lee & Co. v. Shoemaker, supra, and other decisions involving statutes other than those restricted to land.

■ As above indicated, we have concluded to apply the rule of the limitations cases to the matter of prior action pending. This, in the light of limitations decisions cited, entails holding that, whatever the intention of the filer of the first suit at the time of depositing his original petition with the clerk, his lack of actual diligence thereafter in getting out citation and otherwise prosecuting his suit will ordinarily defeat his plea of prior action pending against the second suit. It also follows that, in the instant case, in which there was considerably more delay in requesting citation than in some of the limitations cases cited, and no excuse offered therefor, the respondent's plea in abatement should, as a matter of law, have been overruled. The above mentioned testimony of the respondent as to his intent at the time his lawyer left his original petition with the clerk at El Paso is immaterial, the rule being that he must use due diligence and not merely intend to use it.

Accordingly the judgments of both courts below must be reversed and the cause remanded for trial on the merits. It is so ordered.

Opinion delivered January 8, 1958.

Mr. Justice Calvert, joined by Justices Smith, Walker and Greenhill, dissenting.

I disagree with the holding that, as a matter of law, the plea in abatement should have been overruled in this case. More important, however, I disagree with the basis on which the majority predicate their holding and their application of the rule in limitation cases to a plea in abatement based on the pendency of a prior suit involving the same parties and subject matter. In preparing and filing this dissent I cannot hope to improve upon the majority opinion of the Court of Civil Appeals; I can only enlarge on it.

Cases involving limitations of actions fall into a special category and involve statutory and policy factors which are wholly irrelevant to pleas in abatement based on prior suits pending. In practically all of the limitation statutes it is provided that to prevent the bar of limitations suit must be both *"brought* and *prosecuted"* within a given period. This undoubtedly accounts for the fact that in deciding such cases our courts in their opinions have in some emphasized the intent of the plaintiff at the time his suit was filed and in others have emphasized his subsequent conduct after the filing of the suit. In such cases if the plaintiff would avoid the bar of the statute he must not only physically file his petition with a bona fide intention to have citation issued and served and to prosecute his suit to final judgment, and thus *commence* his suit, but he must also thereafter exercise diligence in the *prosecution* of his suit. Diligence in *prosecution* of the suit would require diligence in actually obtaining the issuance and service of citation. This very distinction was made by the Commission of Appeals in Hannaman v. Gordon, 261 S.W. 1006, in which a statute was involved requiring only that suit be "brought" to prevent the bar of limitations and in which it was held that a suit brought within the limitation period was not barred even though citation was not issued for more than two years after suit was filed and in spite of the further fact that the jury found that the plaintiff was negligent in not causing earlier issuance and service of process.

Hannaman v. Gordon, although apparently never overruled, has lost most of its value as controlling authority in limitation cases because of the subsequent decision of this Court in Owen v. City of Eastland, 124 Texas 419, 78 S.W. 2d 178. See also Hughes v. McClatchy, Texas Civ. App., 242 S.W. 2d 799, writ

refused, n.r.e. But even in the Owen case the policy reasons given for requiring that suit be *prosecuted with diligence* are peculiar to suits which seek to avoid the bar of limitations, and are not in the least applicable to prior-suit-pending abatement pleas. The reasons are found in the following quotation (78 S.W. 2d 179):

"At an early day it was held that such statutes [limitation statutes] are 'statutes of repose to quiet titles, to suppress frauds, and to supply the deficiencies of proof arising from the ambiguity, obscurity and antiquity of transactions;' and the rule was laid down that limitation statutes should 'receive such interpretation consistent with their terms, as would defeat the mischief intended to be suppressed, and advance the policy and remedy they were designed to promote.' Gautier v. Franklin, 1 Texas 732."

It was on the foregoing reasoning that this Court held in the Owen case that the statute requiring the filing of suits to set aside judgments be only "brought" within four years nevertheless also required diligence in obtaining the issuance and service of process. The Court further said:

"It is hardly reasonable to suppose that, in passing this statute, the Legislature considered that the mere filing of the suit within the prescribed time would expel the evil which the statute was designed to reach. It is far more reasonable to conclude that the intention was to afford means by which the defendant in the suit may be relieved of disproving the merits of the claim asserted against him, where, through the fault of the plaintiff, he is not called to defend until the means of disproving same is presumably lost through lapse of time."

In the recent case of Adams v. Slattery, 156 Texas 494, 295 S.W. 2d 859, 872, we again emphasized that to avoid the bar of limitations a suitor must both *commence* his suit and *prosecute* it with diligence.

The majority state that they have "concluded to apply the rule of the limitations cases to the matter of prior action pending." I respectfully submit that this pronouncement raises many serious questions and will lead to many complicated legal problems not now contemplated by the court. Some of them may be anticipated.

There are two limitation situations, e.g., one in which the

applicable period *would not* expire during delay in the issuance and service of citation and one in which the applicable period *would* expire during such delay. The rules governing the rights of the parties are not the same in the two situations.

When the majority speak of applying "the rule of limitation cases" and conclude by holding that a delay of fifteen months in obtaining the issuance and service of citation will, as a matter of law, render a plea of prior suit pending unavailing they necessarily reject the rule applied in the first situation, for where a period of limitation *would not* expire during delay in obtaining issuance and service of citation lack of diligence with respect thereto is of no consequence. For example, if suit is filed on a promissory note two years after its due date and citation is not issued and served until fifteen months thereafter the statute of limitation is nevertheless tolled and a plea in bar setting up the four-year statute and based on lack of diligence in obtaining issuance and service of process would not be good. Evidently, therefore, the majority mean that we will apply to prior-action-pending pleas the rules applicable in the second situation. Where do those rules lead us?

Where a period of limitation *would* expire during delay, even the slightest delay directed by the plaintiff or his attorney in the issuance or service of citation will prevent the mere filing of a suit from tolling a statute of limitation. See Reid v. First National Bank of Mabank, Texas Civ. App., 97 S.W. 2d 970, no writ history (a delay of 2 days) ; Higginbotham Bros. & Co. v. Callaway, Texas Civ. App., 170 S.W. 2d 333, no writ history (a delay of 13 days) ; Bates v. Smith, 80 Texas 242, 16 S.W. 47 ( a delay of 30 days) ; Maddox v. Humphries, 30 Texas 494 (a delay of 32 days) ; Ferguson v. Mellinbruck, Texas Civ. App., 134 S.W. 2d 680, writ dism., cor. judg. (a delay of 38 days) ; Cooper v. Irvin, Texas Civ. App., 110 S.W. 2d 1226, no writ history. (a delay of 66 days) ; Condor Pet. Co. v. Greene, Texas Civ. App., 164 S.W. 2d 713, writ ref. w.o.m. (a delay of 78 days).

Moreover, in the absence of conduct on the part of the defendant or his attorney constituting fraud or giving rise to an estoppel, it is immaterial that the plaintiff may have had good reason for ordering the delay. See Estes v. McWhorter, Texas Civ. App., 182 S.W. 887, no writ history (delay ordered while parties were negotiating for renewal of the note) ; Higginbotham Bros. & Co. v. Callaway, Texas Civ. App., 170 S.W. 2d 333, no writ history (delay ordered because conferences were being held with the defendant looking to payment of the note) ;

Phillips v. Wilson, Texas Civ. App., 225 S.W. 406, writ refused (delay ordered because service could not be completed in time for the next term of court) ; Hughitt v. Trent, Texas Civ. App., 209 S.W. 445, no writ history (delay ordered so that plaintiff could have time to employ an attorney).

Furthermore, when a plaintiff orders a delay in the issuance and service of citation a statute of limitations continues to run even though the defendant has filed a waiver of the issuance and service of citation. Estes v. McWhorter, Texas Civ. App., 182 S.W. 887, no writ history.

If we adopt the limitation rule as it is applied in situations where the period *would* expire during delay in the issuance or service of citation, will we hold that a plea in abatement of a second suit must be overruled when the plaintiff in the prior suit has ordered a delay of from 2 to 30 days, irrespective of the reason for the delay and even though the defendant has filed a waiver of issuance and service?

The fundamental question involved in a plea in abatement based on a prior suit pending is one of jurisdiction.

When two suits involving the same parties and subject matter are commenced in courts of coordinate jurisdiction each of which has jurisdiction of the parties and the subject matter both courts have jurisdiction to try the case. It is well settled, however, that the court in which suit was first commenced has prior active jurisdiction to try the case and the exercise of that jurisdiction may not be interfered with by the court in which suit was last filed. Cleveland v. Ward, 116 Texas 1, 285 S.W. 1063; Conn v. Campbell, 119 Texas 82, 24 S.W. 2d 813; Way v. Coca Cola Bottling Co., 119 Texas 419, 29 S.W. 2d 1067; Thompson v. Fulton Bag & Cotton Mills, 155 Texas 365, 286 S.W. 2d 411; Lancaster v. Lancaster, 155 Texas 528, 291 S.W. 2d 303. But to prevent the second court from exercising an active jurisdiction to try the case the parties must make known to the court by plea in abatement that another court has prior jurisdiction. Cleveland v. Ward, supra; McCurdy v. Gage, 123 Texas 558, 69 S.W. 2d 56. The plea may be contested. Moreover, parties may by their fraudulent acts and conduct estop themselves from insisting on a right to trial in the court first acquiring jurisdiction. Mitchell v. Allis-Chalmers Mfg. Co., Texas Com. App., 291 S.W. 1099; Russell v. Taylor, 121 Texas 450, 49 S.W. 2d

733; V. D. Anderson Co. v. Young, 128 Texas 631, 101 S.W. 2d 798.

A plea in abatement setting up that another court has prior jurisdiction requires the taking of evidence. If the party filing the plea is not estopped from urging it the only grounds for overruling the plea, supported by the decided cases, are, broadly, (1) that a prior suit has not in fact or law been commenced in another court of coordinate jurisdiction; or (2) that it is not still pending; or (3) that it does not involve the same parties; or (4) that it does not involve the same subject matter; or (5) that the parties may not obtain in the prior suit substantially all of the relief to which they are entitled. See, generally, 1 Texas Jur. 93-126, Abatement and Revival, secs. 67-91. None of the foregoing grounds exist for overruling the plea in the instant case unless it be the first one. The narrow question in this case is, then, had a suit been *commenced* by respondent in the El Paso District Court?

The only relevant and controlling rule to be applied in determining when a suit is *commenced* is Rule 22, Texas Rules of Civil Procedure, formerly Article 1971, R.C.S. It states that a suit in the district or county court is *commenced* by the filing of a petition with the clerk. In so far as my research has disclosed, the courts of this state and of other jurisdictions hold, under similarly worder statutes, that a suit is *commenced* by the filing of the petition with a bona fide intention to have process issued and served and to prosecute the suit to final judgment. See Anderson Co. v. Young, 128 Texas 631, 101 S.W. 2d 798; Russell v. Taylor, 121 Texas 450, 49 S.W. 2d 733; Powers v. Temple Trust Co., 124 Texas 440, 78 S.W. 2d 951; Long v. Long, Texas Civ. pp., 269 S.W. 207, no writ history; Southwestern Life Ins. Co. v. Sanguinet, Texas Civ. App., 231 S.W. 2d 727, no writ history, 1 C.J.S. 1398, Actions, sec. 129b(2).

Thus the true test of whether suit has been *commenced* prior in time in another court is the *good faith* of the suitor at the time he physically filed his petition with the clerk and not his subsequent diligence in the prosecution of the suit. Of course his statement or his testimony of his good faith or of his intention at the time he filed his petition does not foreclose the matter. His good faith, or lack of it, is to be drawn from all of the relevant facts and circumstances and is to be established as a fact as good faith and intent are established in all other fields of the law.

The majority do not find or hold that there is a lack of evidence to support the trial court's implied finding that respondent had filed his suit with the good faith intention of having citation issued and served and of prosecuting the suit to final judgment. Indeed, they treat that matter as entirely immaterial. They base their judgment entirely upon a finding and holding that even if respondent *commenced* his suit prior in time he has nevertheless been overly negligent in the prosecution of it.

The majority opinion thus adds two new and additional grounds for overruling a prior-suit-pending plea in abatement, one by express holding and one by way of dictum. It is expressly held that a plea may be overruled even though the prior suit was filed in good faith if within the rules of the limitations cases the suitor has been negligent in obtaining the issuance or service of citation. It is indicated by way of dictum that a plea may also be overruled even though filed in good faith if the court is of the opinion that the suitor has been negligent in obtaining a setting and trial of the prior suit. Only recently in Wheeler v. Williams we declined to add as new grounds the reasons there advanced for overruling a plea in abatement of prior suit pending.

Both of the foregoing holdings authorize the court hearing a plea in abatement to decide a question which rightfully should be decided by the court in which the prior suit is pending, that is, whether the plaintiff in the prior suit has been so negligent in the prosecution of his suit that he should be barred from prosecuting it further and his suit should be dismissed for want of prosecution. That question is properly reached by a motion to dismiss for want of prosecution filed in the court in which the case is pending, which motion is addressed to and invokes the broad discretionary powers of that court. Bevil v. Johnson, 157 Texas 621, 307 S.W. 2d 85. The right to exercise discretion in deciding it should not be usurped by a second court in ruling on the merits of a prior-suit-pending plea in abatement.

It is but a short stride from the holdings in this case to a holding, for example, that a court in which a prior-suit pending plea in abatement is filed may overrule it on the ground that venue properly lies with it rather than with a court in which a suit involving the same parties and subject matter was filed prior in time even though the first court has pending before it a plea of privilege on which it has not acted. If a decision of such questions may be removed from the first court by the sim-

ple expedient of filing a contest of a plea in abatement the plea loses much of its force and its beneficial objects are defeated.

The principles to which I have referred are illustrated and recognized by the court in Wheelis v. Wheelis, Texas Civ. App., 226 S.W. 2d 224, also a divorce case. In that case it is made to appear that the husband had filed a divorce and child custody suit against his wife in the District Court of Smith County. Thereafter, the wife filed a similar suit against the husband in a District Court of Tarrant County, with a prayer for an injunction to prevent the prosecution of the husband's suit in Smith County. The husband filed a prior-suit-pending plea in abatement in the Tarrant County suit. The plea was contested and overruled on the ground that the husband had not been a resident of Smith County for six months next preceeding the filing of his suit as required by statute. In reversing the judgment of the trial court the Court of Civil Appeals observed that the existence or non-existence of the husband's statutory residential qualifications was "for the determination of the court in which the relief is sought," and continued (226 S.W. 2d 227) :

"* * * In the case before us the Smith County Court has had no opportunity to pass upon its own jurisdiction of the case pending before it; nor has it had an occasion to determine whether or not appellant's residential qualification was fraudulently made; nor indeed has that court heard any evidence on the subject. The presumption prevails that that court will act properly when the question arises. When appellant's case in the Smith County Court comes on for trial the court will necessarily be called upon to determine whether or not it has jurisdiction of the parties and subject matter and will hear evidence of the truth of the allegations made concerning plaintiff's qualifications. But it appears from the judgment entered in the case before us that the Tarrant County District Court has already decided those questions adversely to plaintiff in that case and enjoined him from trying those issues in the court first acquiring jurisdiction. Our laws do not sanction such proceedings."

Just so also in this case. If respondent has been so lacking in diligence in the prosecution of his suit in El Paso County that it amounts to no pending suit at all the District Court of that county is the proper court to adjudicate that fact on proper motion filed to dismiss for want of prosecution.

The majority opinion leaves another problem unsolved. A prior-action-pending plea in abatement filed in a pending suit

which was first commenced is unavailing. Hillmer v. Asher, Texas Com. App., 29 S.W. 2d 1011; Dallas Joint Stock Land Bank v. Sutherland, Texas Civ. App., 74 S.W. 2d 291, no writ history. The District Court of El Paso County may set respondent's suit for trial before petitioner's suit is set for trial by the Bexar County District Court. Are the majority holding that the El Paso Court will not have jurisdiction to try respondent's suit?

Coming to a discussion of the instant case in the light of proper and controlling rules, I am prepared to concede that the facts and circumstances in evidence, particularly the delay of fifteen months in obtaining the issuance and service of process, strongly suggest that respondent's suit in El Paso County was not commenced with the bona fide intention of procuring the issuance and service of process and prosecuting the suit to final judgment, as required by Rule 22, as a basis for his plea in abatement. As heretofore noted, his testimony of his subjective intent is not controlling, and if, as the majority state, there were no other evidence in the record to support the trial court's judgment, I would be inclined to agree that the long delay, considered with the fact that process was issued and served on petitioner only after respondent had been served with process in petitioner's suit, conclusively negatived his good faith commencement of his suit in El Paso County. But there is other evidence which, viewed most favorably in support of the judgment, will support the trial court's implied finding that the respondent's suit was filed in good faith. Respondent testified that he told petitioner his suit had been filed after he had instructed his lawyer to file it and when he had reason to believe it had been filed. Petitioner testified that respondent told her he was going to get a divorce. Thereafter there were more or less sporadic negotiations between the parties, personally and by correspondence, and between the attorneys representing the parties, to agree upon custody of the children, a matter usually calculated to stir up bitterness if unsettled when suit is finally ready for trial. On at least one occasion the parties discussed, but failed to accomplish, a reconciliation. These facts and circumstances, in my opinion, furnish some support for the trial court's refusal to hold that the delay in procuring issuance and service of process conclusively negatived the bona fide intention of respondent to prosecute his suit to judgment when he filed it.

If mere delay in the issuance and service of citation will, as a matter of law, defeat a plea in abatement based on a prior suit

pending, litigants will be penalized for withholding citation while honest efforts of settlement and compromise are being made. On the other hand, if delay in the issuance and service of citation is treated as a circumstance bearing on the good faith of the suitor he may continue his honest efforts of settlement while at the same time in good faith protecting his rights of venue, etc.

But even if the majority be right in the conclusion they reach, I submit that it has been reached on an erroneous theory; that to test the merit of a plea in abatement based on prior suit pending we should not at this late hour, with many prior decisions based on sound theory before us, adopt a new rule drawn from a wholly different class of irrelevant cases. The merit of a plea in abatement should not be tested solely by the diligence or lack of diligence of the suitor in procuring the issuance and service of process as is the merit of a plea in bar based on a statute of limitation.

Opinion delivered, January 8, 1958.

Rehearing overruled April 9, 1958.